IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS MARTINO :<br>　　AND :<br>NICOLE MARTINO :<br>　　AND :<br>MARY BETH MARTINO :<br>　　vs. :<br>RICHARD CRAFT :<br>　　AND :<br>JOHN HAMMERSCHMIDT    : | CIVIL ACTION NO. 02-CV-4633 |

## ORDER

AND NOW this            day of                        , 2003, upon consideration of defendants, Richard Craft and John Hammerschmidt's, motion to strike jury demand and any response thereto, it is hereby ORDERED AND DECREED that said motion is GRANTED. The jury demand filed by the defendants is heretofore stricken and this action will proceed as a non jury matter. .

By the Court:

_____
HONORABLE THOMAS O'NEILL, JR.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS MARTINO :<br>   AND :<br>NICOLE MARTINO :<br>   AND :<br>MARY BETH MARTINO :<br>   vs. :<br>RICHARD CRAFT :<br>   AND :<br>JOHN HAMMERSCHMIDT : | CIVIL ACTION NO. 02-CV-4633 |

### DEFENDANTS, RICHARD CRAFT AND JOHN HAMMERSCHMIDT'S, MOTION TO STRIKE JURY DEMAND

Defendants, Richard Craft and John Hammerschmidt, by and through their attorneys, Bennett, Bricklin & Saltzburg, LLP, hereby request this Honorable Court to grant its motion to strike jury demand in the above-captioned matter, and in support thereof avers as follows:

1. Plaintiffs have filed the instant action in the United States District Court for the Eastern District of Pennsylvania, as Civil Action #02-CV-4633. (See attached true and correct copy of complaint marked as Exhibit "A".)

2. In the complaint, plaintiffs assert in their statement of jurisdiction and venue, that jurisdiction is found in this Court's federal admiralty jurisdiction pursuant to Article 3, Section 2 of the United States Constitution and 28 U.S.C. 1333 as the events or omissions giving rise to plaintiffs' claims occurred on the Sassafras River, a navigable waterway, and were significantly related to traditional maritime activity.

3. On or about August 9, 2002, defense counsel entered her appearance on behalf of defendants, Richard Craft and John Hammerschmidt, simultaneously with a jury demand.

4.  Moreover, Rule 38(a)(b) provides that any party may demand a trial by jury of an issue <u>triable by right of a jury</u>."

5.  Federal Rule of Civil Procedure 38(e) specifically provides that the Federal Rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h).

6.  It is undisputed that this matter was filed as an admiralty action only. There is no diversity of jurisdiction amongst the principal parties.

7.  As defendants' jury demand was a nullity because it never had the right to make a demand in light of the fact that this case was brought in admiralty only, which provides no jury right, defendant hereby moves to strike its jury demand and to have this matter proceed as a non jury action.

**WHEREFORE,** defendants Richard Craft and John Hammerschmidt hereby request this Honorable Court sign the attached order granting their motion to strike jury demand and to allow this matter to proceed on a non jury basis.

**BENNETT, BRICKLIN & SALTZBURG, L.L.P.**

By: _____
**PAMELA A. CARLOS, ESQUIRE
Attorney for Defendants
Richard Craft and John Hammerschmidt**

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS MARTINO : | |
| AND : | |
| NICOLE MARTINO : | |
| AND : | |
| MARY BETH MARTINO : | |
| vs. : | |
| RICHARD CRAFT : | |
| AND : | CIVIL ACTION NO. 02-CV-4633 |
| JOHN HAMMERSCHMIDT : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE JURY DEMAND

### A. STATEMENT OF THE FACTS:

Defendants incorporate by reference the factual averments contained in their motion to strike jury demand as though set forth at length herein.

### B. LEGAL ARGUMENT:

Federal Rule of Civil Procedure 38(b) provides that any party may demand a trial by jury of any <u>issue triable by right of jury by</u>: 1) serving upon the other parties a demand therefore in writing at any time after the commencement of the action and not later than ten (10) days after service of the last pleading directed to such issue, and 2) filing of the demand as required by Rule 5(d).

Federal Rule of Civil Procedure 38(e) further provides as follows:

> **Admiralty and Maritime Claims** - These rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h).

Federal Rule of Civil Procedure 9(h) provides as follows:

**Admiralty and Maritime Claims** - A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as a admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82 and the supplemental rules for certain admiralty or maritime claims. If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not. The amendment of a pleading to add or withdraw an identifying statement is governed by the principles in Rule 15. A case that includes an admiralty or maritime claim within the subdivision is an admiralty case within 28 U.S.C. §1292(a)(b).

It is undisputed that plaintiffs' complaint states that jurisdiction is found within this Court's federal admiralty jurisdiction pursuant to Article 3, Section 2 of the United States Constitution and 28 U.S.C. §1333 as the events and omissions giving rise to plaintiffs' claims occurred on the Sassafras River, a navigable waterway and were significantly related to traditional maritime activity. (See copy of plaintiffs' complaint attached as Exhibit "A".)

There is no diversity of citizenship amongst the plaintiff parties. Accordingly, this matter was brought as an admiralty based claim only.

Accordingly, defendants' jury demand is a nullity because they never had the right to make a jury demand in this admiralty based action. The facts and circumstances of this case are similar to those encountered by the Court in <u>Konstadinos Vassalos vs. Hellenic Lines, Ltd., et al.</u>, 482 F. Supp. 906, 1979 U.S. Dist. LEXUS 8091, 28 F.R. Serv. II (Callahan) 829. In the <u>Vassalos</u> matter, plaintiff brought an action under the Jones Act against defendants. Plaintiff did not demand a jury trial in his complaint, nor did he make a demand within ten (10) days of filing of the answer. The defendant had made a demand for jury trial in its answer to the complaint and later moved to strike its jury demand. The Court found:

" Since the case was designated as exclusively admiralty, there is no right to trial by jury under the Constitution or statutes. Nor does plaintiff have the possible

alternative of withdrawing its 9(h) designation, since there is no diversity of citizenship and, therefore, no alternative grounds of jurisdiction. Therefore, I grant the defendant's motion to strike the jury demand pursuant to my powers under Federal Rule of Civil Procedure 39(a)(2). "

## C. CONCLUSION:

Wherefore, defendants request this Honorable Court enter the attached order granting its motion to strike jury demand in the above matter and allowing this case to proceed heretofore as a non jury matter.

                                              BENNETT, BRICKLIN & SALTZBURG, L.L.P.

By: _____
      PAMELA A. CARLOS, ESQUIRE
      **Attorney for Defendants**
      **Richard Craft and John Hammerschmidt**

## *VERIFICATION*

I, Pamela A. Carlos, Esquire, hereby verify that I am the attorney for Richard Craft and John Hammerschmidt, defendants herein, and that the facts set forth in the foregoing Motion to Strike Jury Demand are true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsifications to authorities.


_____
PAMELA A. CARLOS, ESQUIRE