IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS MARTINO<br>AND<br>NICOLE MARTINO<br>AND<br>MARY BETH MARTINO<br>vs.<br>RICHARD CRAFT<br>AND<br>JOHN HAMMERSCHMIDT | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:  CIVIL ACTION NO. 02-CV-4633<br>: |

**PRETRIAL MEMORANDUM OF DEFENDANTS, RICHARD CRAFT
AND JOHN HAMMERSCHMIDT**

I.     **BRIEF STATEMENT OF THE NATURE OF THE ACTION**

Plaintiffs Nicholas Martino and Mary Beth Martino have brought the instant action against defendants Richard Craft and John Hammerschmidt arising out of a waverunner accident occurring on July 15, 2000 on the Sassafras River in Galena, Maryland.[1] Plaintiffs assert that this Court has jurisdiction of this matter pursuant to Article III, Section 2 of the United States Constitution and 28 U.S.C. Section 1333. Defendant believes that there is an issue as to whether or not this Court has subject matter jurisdiction over this action and has filed, contemporaneous with this pre-trial memorandum, a motion pursuant to Federal Rule of Civil Procedure 12(b)(1) in this regard.

II.    **COUNTERSTATEMENT OF THE FACTS**

Defendant Richard Craft was born on January 28, 1960 and lives at 659 Andover Road in Newtown Square, Pennsylvania with his wife Regina and their four children. Mr. Craft is a high

---

[1] Minor plaintiff, Nicole Martino's claims against defendants Richard Craft and John Hammerschmidt have been resolved.

school graduate from Radnor High School and received his BA in accounting and business administration from Dickinson College. Mr. Craft is employed as the President of Wealth Advisory Group located in Wayne, Pennsylvania.

Defendant John Hammerschmidt was born on November 12, 1958. He lives at 7 Greenbrier Lane in Paoli, Pennsylvania with his wife Helen and their three children. He received his undergraduate degree in finance from Lehigh University in 1981 and his Masters in Business Administration from Duke University in1985.Mr. Hammerschmidt is not currently employed.

Defendants have been personal friends for over thirty years. Together they own a vacation home in Galena, Maryland where the accident in question took place. The two Yamaha waverunners involved in this incident were purchased in the Spring of 2000 by Mr. Hammerschmidt. One of the wave runners was given to Richard Craft as a fortieth birthday present. Both waverunners are registered in Mr. Hammerschmidt's name.

Mr. Craft has extensive experience in the operation of personal watercraft. He has operated ski boats for the past 15 years. He also regularly operates waverunners. He has never been in an accident involving a waverunner prior to this incident.

In July of 2000 , Mr. Craft invited the Martinos to the house in Maryland. They arrived Saturday, July 15, intending to spend the weekend. Later that afternoon Mr. Martino indicated that he wanted to go out on the waverunners. Mr. Craft asked Mr. Martino if he had experience in the operation of waverunners, he indicated that he did and that he felt comfortable in the operation of same. Both men rode the waverunners separately for about a half hour to 45 minutes, without incident.

After riding separately Mr. Martino and Mr. Craft came back to shore and saw that their children, Nicole and Bryson, were waiting for them, urging them to take them for a ride. They rode

with their respective children separately up and down the river. They eventually came together at a point up the river from the house. There they idled side by side, a few feet apart. At this time, Mr. Craft's wave runner was to the left of Mr. Martino's waverunner.

During their brief discussion, Mr. Craft indicated that the river became more shallow further ahead. As it was nearing dinner time, the men decided to turn around and head back towards the house. There was no specific discussion about what direction, or in what order, each man would turn in order to head back to the house. Mr. Martino never indicated which direction he was going to turn. Both men agree that ordinarily, each would have turned back towards the house, away from eachother; in other words, Mr. Martino turning towards his right and Mr. Craft turning towards his left. Mr. Martino was approximately 15 to 20 yards from the shoreline and had sufficient room to turn back towards his right from an idling position.

Mr. Craft started to make a gradual turn left. Mr. Martino moved forward quickly and made a sharp turn directly in front of Mr. Craft, causing a collision. At no time did Mr. Martino look back to determine if it was safe to turn in front of Mr. Craft. In the collision, Mr. Craft's waverunner came into contact with Mr. Martino's left leg. After the collision, Mr. Martino advised Mr. Craft that he had been injured. Mr. Craft headed immediately back to shore to summon help. Mr. Martino was able to operate his waverunner back to the house. He was assisted off of the waverunner by others at the residence. He was attended by a local EMT unit at the scene and taken by helicopter to the Shock Trauma Center in Baltimore, Maryland

It is undisputed that Mr. Hammerschmidt was not present for any of the events which took place at the Galena house over the July 15, 2000 weekend.

Defendants maintain that the accident was caused by the negligent conduct of Mr. Martino. The evidence will show that Mr. Martino operated his wave runner in an unsafe and reckless manner

and that he failed to keep proper lookout for Mr. Craft, instead cutting in front of him, causing the collision.

After an initial stay at Baltimore Shock Trauma, Mr. Martino returned to his home. He was advised to be non-weight bearing and immobile. Defendants maintain that the evidence will show that Mr. Martino was not compliant with his physician's orders. While wearing an external fixator device, Mr. Martino drove a car and also took a business trip to Eastern Europe. Eventually he developed a staph infection which led to a diagnosis of oesteomyelitis. He had a last recurrence of oesteomyelitis in 2001.

Mr. Martino continued to work after the accident. He left his employer at the time of his loss, Merit Industries in late 2000. In January 2001, Mr. Martino accepted a position with Intest Corporation with a substantial salary increase and bonus plan. He voluntarily left that position in September of 2001. In March of 2002 Mr. Martino began working as an independent consultant for his former boss at Merit Industries on a per assignment basis. While working on this project, Mr. Martino was able to travel abroad. The job was completed in April 2003. He anticipates another contract project to start in the fall of 2003.

II.                             **DAMAGES**

Per plaintiff's pre-trial memorandum, they are alleging recoverable costs for medical treatment in the amount of $590,498.02. Plaintiff Nicholas Martino had medical insured through Blue Cross. Defendants maintain that under Pennsylvania law, to the extent Mr. Martino's medical providers were obligated to accept the insurance payment as full payment for their services, plaintiffs can only recover the amount paid by the insurance carrier.

With respect to plaintiff's claim for past and future earnings, defendants will be submitting a defense vocational and economic report as prepared by Dr. Robert Wolf.[2]

**III.**                          **LIABILITY WITNESSES**

1. Mr. Richard Craft, 659 Andover Road, Newtown Square, Pennsylvania, 19073.

Mr. Craft will testify regarding the facts and circumstances surrounding the accident of July 15, 2000 and his experience and knowledge concerning the operation of wave runners and personal water craft.

2. John Hammerschmidt, 7 Greenbrier Lane, Paoli, Pennsylvania 19301.

Mr. Hammerschmidt will testify regarding his knowledge of the facts and circumstances of the loss occurring on July 15, 2000 as well as to his knowledge and observation of Richard Craft's operation of wave runners and personal water craft.

3. Captain Louis B. Wary, Jr., P.E.,B & K Marine Engineering, Inc. 520 Nicholas Road Brick, N.J. 08724.

Captain Wary will testify regarding his investigation of the accident and his conclusions in regard to same.

Defendants reserve the right to call any witnesses identified by plaintiffs and additional witnesses in their defense case to the extent information elicited during plaintiffs case in chief require the introduction of additional testimony.

---

[2] Pending before this Court is a motion for clarification of defense vocational, economic and liability reports. Based on the averments contained therein, defendants have requested an order from the Court directing production of said reports no later than September 17, 2003.

IV. **DEFENDANT'S DAMAGES WITNESSES**

1. Allan L. Jones, M.D., 22 South Greene Street, Baltimore, Maryland 21201.

Dr. Jones may be called to testify as to the injuries, treatment and recommended care of Mr. Martino.

2. Guy Fried, M.D. Magee Rehabilitation Hospital, 6 Franklin Plaza, Philadelphia, PA 19102.

Dr. Fried will testify as to his review of Mr. Martino's medical records and diagnostic studies as well as his physical examination of Mr. Martino and the conclusions drawn from same.

3. Robert P. Wolf, Ed.D., M.B.A., 1939 Route 70 East, Suite 120, Cherry Hill, New Jersey 08003.

Dr. Wolf will testify as to his review of Mr. Martino's medical, employment records and plaintiffs' expert reports as well as his vocational interview of Mr. Martino. Dr. Wolf will also testify regarding his opinions concerning the vocational and economic impact of this loss upon plaintiffs.

Defendants reserve the right to call any witnesses identified by plaintiffs and additional witnesses in their defense case to the extent information elicited during plaintiffs case in chief require the introduction of additional testimony.

V. **DEFENDANT'S EXHIBITS**

D-1   Records subpoenaed from Maryland Department of Natural Resources

D-2   Records subpoenaed from Maryland State Police

D-3   Records of Galena Fire Department

D-4   Records of Nicholas Martino subpoenaed from University of Maryland, Baltimore Shock Trauma

D-5   Records of Nicholas Martino subpoenaed from Delaware County Memorial Hospital/Crozer Keystone Health System

D-6   Records subpoenaed from Dr. Louis DeStefano

D-7   Records subpoenaed from Dr. Frederick Kwapien

D-8   Records of Nicholas Martino from IVTX of Pennsylvania

D-9   Records of Nicholas Martino from Independence Blue Cross 2000

D-10   Records of Nicholas Martino from Independence Blue Cross 2001

D-11   Records of Nicholas Martino from Independence Blue Cross 2002

D-12   Records of Nicholas Martino from CNA-Disability Carrier

D-13   Records of Nicholas Martino from Mackey's Pharmacy

D-14   Records subpoenaed from Spatial Metrix Corp.

D-15   Records subpoenaed from Checkpoint Systems, Inc.

D-16   Records subpoenaed from Merit Industries Inc

D-17   Records subpoenaed from Intest Corporation

D-18   4/2/02 Recorded Interview of Richard Craft

D-19   4/2/02 Recorded Interview of John Hammerschmidt

D-20   Deposition of Nicholas Martino

D-21   Deposition of Mary Beth Martino

D-22   Deposition of Richard Craft

D-23   Deposition of John Hammerschmidt

D-24   Curriculum Vitae of Captain Louis Wary, P.E.

D-25   Report of Captain Louis Wary, P.E.

D-26   Curriculum Vitae of Robert Wolf Ed.D, MBA

D-27  Report of Robert Wolf Ed.D MBA

D-28  Curriculum Vitae of Guy Fried M.D.

D-29  Report of Guy Fried, M.D.

D-30  Photographs of Waverunners by John Hammerschmidt

D-31  Photographs of Sassafras River by John Hammerschmidt

D-32  Photographs of Waverunners by Captain Louis Wary, P.E.

D-33  Photographs of Sassafras River by Captain Louis Wary, P.E.

## VI.   SPECIAL COMMENTS

1.  Defendants agree to stipulate to the admissibility and authenticity of Mr. Martino's medical records. Defendants agree to stipulate to the authenticity only of plaintiff's medical bills.

2.  Defendants seek a stipulation from plaintiffs as to the admissibility and authenticity of plaintiff's records subpoenaed from Merit Industries and Intest Corporation.

3.  Defendants intend to file a Motion in Limine seeking to preclude plaintiffs from introducing any evidence or testimony related to the use of alcohol both prior to and on the date of loss by either party.

4.  Defendants intend to file a Motion in Limine seeking to preclude plaintiffs from introducing any evidence or testimony relating to the nature and circumstances of Mrs. Martino's daughter's illness in 2000.

## VII.  ANTICIPATED IMPORTANT LEGAL ISSUES

Contemporaneous with this pre-trial memorandum, defendants have filed a motion under F.R.C.P. 12 (b)(1) regarding the issue of whether this Court has subject matter jurisdiction in regard to this action.

VIII.  **ESTIMATE OF NUMBER OF DAYS REQUIRED FOR TRIAL**

Defendant estimate that it will take 4-5 to try this case to a jury.[3] If this matter is tried as a non-jury action, defendants estimate that it will take 2-3 days to complete.

                                        BENNETT, BRICKLIN & SALTZBURG LLP

BY:      _____
                                        PAMELA A. CARLOS
                                        Attorney for Defendants
                                        Richard Craft and John Hammerschmidt

DATED:  August 29, 2003

---

[3] Defendants have filed a motion to strike jury demand in this matter on the basis that this action has been brought in admiralty only and there is no right to a jury demand in an admiarlty or maritime action under the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS MARTINO : | |
| AND : | |
| NICOLE MARTINO : | |
| AND : | |
| MARY BETH MARTINO : | |
| vs. : | |
| RICHARD CRAFT : | |
| AND : | CIVIL ACTION NO. 02-CV-4633 |
| JOHN HAMMERSCHMIDT : | |

## CERTIFICATE OF SERVICE

I, Pamela A. Carlos, Esquire certify that a true and correct copy of defendants' Pretrial Memorandum was served upon the following by hand delivery on August 29, 2003.

Darin McMullen, Esquire
**Pelino & Lentz, P.C.**
One Liberty Place
1650 Market Street, 32nd Floor
Philadelphia, PA 19103-7393

BENNETT, BRICKLIN & SALTZBURG LLP

BY: _____
PAMELA A. CARLOS, ESQUIRE
I.D. No.56396
1601 Market Street, 16th Floor
Philadelphia, PA 19103
(215) 561-4300