IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS MARTINO | : | |
| AND | : | |
| NICOLE MARTINO | : | |
| AND | : | |
| MARY BETH MARTINO | : | |
| vs. | : | |
| RICHARD CRAFT | : | CIVIL ACTION NO. 02-CV-4633 |
| AND | : | |
| JOHN HAMMERSCHMIDT | : | |

## PROPOSED POINTS FOR CHARGE OF DEFENDANTS, RICHARD CRAFT AND JOHN HAMMERSCHMIDT

Pursuant to Rule 51 of the Federal Rules of Civil Procedure, Defendants Richard Craft and John Hammerschmidt by their undersigned attorney, respectfully request that the Court instruct the Jury as set forth herein. Defendants may request the opportunity to amend or supplement these instructions as may be necessary or appropriate.

     1.     Under all of the evidence and the law applicable thereto, your verdict must be in favor of the defendants Richard Craft and John Hammerschmidt.

2.     Under all of the evidence and the law applicable thereto, your verdict must be in favor

of the defendant John Hammerschmidt.

3.     This case should be considered and decided by you as an action between parties of equal standing in the community, of equal worth, and in the same or similar stations in the life.  All persons stand equal before the law and are to be dealt with as equals in a court of justice.

4

4.      A verdict for the plaintiffs in this matter cannot be based on conjecture, guess, or surmise, but only upon the evidence.

5.      The burden of proof is on the plaintiffs in this civil action. This means that they must establish by a preponderance of the credible or believable evidence that the injuries sustained were caused by the improper conduct of the defendants and this improper conduct was a proximate cause of their injuries.

6.     The burden of proof is on the plaintiffs to prove every essential element of their claim by a preponderance of the evidence. If the proof should fail to establish any essential element of the claim of plaintiffs by a preponderance of the evidence you should find for defendants.

7.      To establish by a preponderance of the evidence means to prove that something is more likely so than not.  In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your mind belief that what is sought to be proved is more likely true than not true.

8.    In examining the evidence to determine whether the plaintiffs have successfully carried the burden, you should not permit sympathy for either side to influence your judgment.

9.    In order for the plaintiffs to recover in this case, the defendants' improper conduct must have been a substantial factor in bringing about the alleged injuries.  This is what the law recognizes as legal or proximate cause.  A substantial factor is an actual, real factor, although the result may be  unusual or unexpected, but it is not an imaginary or fanciful factor or a factor having no connection or only an insignificant connection with the alleged accident. Pa. SSJI (Civ.) 3.25.; Whitner v. Lojeski, 437 Pa. 448, 263 A.2d 889 (1970); Noon v. Knavel, 234 Pa. Super. 198, 339 A.2d 545 (1975).

10.    Defendants claim that Nicholas Martino was contributorily negligent with respect to the happening of this accident. Contributory negligence is negligence on the part of the plaintiff that is a factual cause of the plaintiff's injury. The defendants have the burden of proving contributory negligence by a fair preponderance of the evidence. You must determine whether the defendants have proven that plaintiff, under all the circumstances present, failed to use reasonable care for his own protection.

If you find that plaintiff was negligent, you must also determine whether the defendants have proven that the plaintiff's conduct was a legal cause in bringing about the plaintiff's injury. (Pa. Sug. Standard Civ. Jury Instructions, 3.03 (Civ). (2003)

11.     Under the admiralty doctrine of comparative negligence, contributory negligence, however gross, is not a bar to recovery but is to be considered in mitigation of damages. Admiralty law allows for pure comparative damages.

Put in another way, if you find that Nicholas Martino was negligent with respect to the occurrence of the accident and that his negligence was a substantial factor in bringing about his injuries, you must reduce the gross amount of damages, if any, awarded in this matter by the percentage of negligence you ascribe to Mr. Martino. Davis vs. Portline Transportes, 16 F. 3d 532, 1994 U.S. App. Lexis 3026 (3rd Cir. 1994).

12.    The mere happening of injury to Nicholas Martino does not establish liability on the part of the defendants nor does it raise an inference or presumption of liability on the part of the defendants.  <u>Flagielo v. Crilly</u>, 409 Pa. 389 (1969); <u>Hamil v. Bashline</u>, 481 Pa. 256 (1978).

13.     In determining the weight and value of the testimony of any witness you have the right to take into consideration the appearance, attitude and behavior of a witness, his/her mental status, his/her candor and sincerity as it impressed you, the relationship of the witness to the parties, or the inclination of the witness to speak truthfully or not.

14..    Because I will now charge you on the law with respect to **damages**, I want to caution you that this charge should not be taken as an indication that the plaintiffs should or should not recover in this case.  Because I charge you as to damages simply because if you the members of the jury conclude that the plaintiffs are entitled to recover, I want you to have the proper elements of damages to consider in the event that you should find in favor of the plaintiff son the question of negligence by a preponderance of the evidence and in accordance with other instructions which I have given you in this matter.

15.     In determining the amount of damages, there should be no attempt by you to punish the defendants and your verdict should be founded on the evidence and not influenced by sympathy or prejudice for or against any party.

16.     Whatever damages you find must be based on reasonable certainty; you cannot estimate damages based on mere conjecture or speculation.   Damages which are uncertain, contingent or speculative are not recoverable. <u>Kerns v. Clark</u>, 343 Pa. Super. 30, 43, 493 A.2d 1358, 1364 (1985); <u>Gordon v. Trovato</u>, 234 Pa. Super. 279, 286, 238 A.2d 653, 657 (1975).

17.     The plaintiffs have the same burden of proof with respect to damages as with respect to liability.  They must establish their damages by a fair preponderance of the credible evidence; that is, believable evidence.

18.    The defendants are liable only to pay those damages which they directly and proximately caused.  <u>Kerns v. Clark</u>, supra; <u>Gordon v. Trovato</u>, supra.

19.    Any future medical expenses claimed by the plaintiffs must appear proper and satisfactory and cannot be left to conjecture.  <u>Gordon v. Trovato</u>, supra.

20.     All claimed losses need not be accepted by you -- only those that are fair, reasonable and necessary. Those that are considered doubtful or speculative or which were never or will never be incurred may be rejected by you.

21.    In your consideration of the amount of medical expenses incurred by the plaintiffs, you may consider all of the evidence presented, including the testimony of expert witnesses regarding the reasonableness of those expenses and the necessity of the treatment involved, the amount billed to the patient by the provider, the relative market value of those services, the amount actually paid by a third party (such as an insurance carrier) and the amount actually accepted by the provider for the services rendered. Kashner v. Geisinger Clinic, 638 A.2d. 980 (Pa. Super. 1994);

.

22.    If you find that the plaintiff Nicholas Martino is entitled to medical expenses, the amount awarded should include the reasonable value, not exceeding the actual cost to plaintiff of the services rendered. 3 Fed. Jury Prac. & Instr., Sec. 128.10 (5th Ed 2000)

23.    The loss of earning power and future medical expenses claimed by the plaintiffs must appear proper and satisfactory and cannot be left to conjecture.  Gordon v. Trovato, 234 Pa. Super. 279, 286, 238 A.2d 653, 657 (1975).

24.     All claimed losses need not be accepted by you -- only those that are fair, reasonable and necessary.  Those that are doubtful, speculative or which were never or will never be incurred may be rejected by you.

25

25.     The defendants are liable for only those loss of earnings, past and future, which you find were proximately caused by any injuries sustained as a result of the defendant's wrongful conduct. <u>Tingle v. Curtis-Martin Newspapers, Inc.</u>, 318 Pa. 537 (1935).

Respectfully submitted,

BENNETT, BRICKLIN & SALTZBURG LLP

BY: _____

PAMELA A. CARLOS
 I.D. No.  34673
1601 Market Street, 16th Floor
Philadelphia, PA 19103-2393
(215) 665-3303
Attorney for Defendants,
Richard Craft and John Hammerschmidt

26