**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Nicholas Martino, et al.          :
                                   :
            Plaintiffs             :       Civil Action No.
                                   :
      v.                           :       02-CF-V4633
                                   :
                                   :
Richard Craft, et al.              :
                                   :
            Defendants.            :

---

**RESPONSE TO DEFENDANTS' MOTION
TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1)**

---

     Plaintiffs, Nicholas Martino and Marybeth Martino, in her own right and as parent and natural guardian of Nicole Martino, a minor, by their attorneys, respond to Defendants' Motion to Dismiss Pursuant To F.R.C.P. 12(b)(1), as follows:

1.  Admitted in part and denied in part.  Plaintiffs admit that they instituted the instant action in the United States District Court for the Eastern District of Pennsylvania on July 12, 2002.  Plaintiffs deny defendants' characterizations of the allegations in the Complaint, which speaks for itself.

2.  Denied.  Plaintiffs lack sufficient information as to the accuracy of defendants' belief about whether this Court has subject matter jurisdiction.  Plaintiffs deny, however, that this Court does not have subject matter jurisdiction over this action.

3-5.  Denied.  Paragraphs 3-5 of defendants' Motion contain conclusions of law which require no response.  Plaintiffs deny, however, that this Court does not have subject matter jurisdiction over this action.

6.  Admitted.

7. Denied. Paragraph 7 of defendants' Motion contains
conclusions of law which require no response. Plaintiffs deny,
however, that this Court does not have subject matter
jurisdiction over this action.

8. Admitted in part and denied in part. Plaintiffs admit
that the vessels were privately owned, that the operators of both
waverunners negotiated their vessels back to the dock after the
accident, that Nicholas Martino was removed from the waverunner
and that local law enforcement was summoned to investigate.
Defendants lack sufficient information to form a belief as to the
truth of the allegations that the accident investigation did not
require closure of the waterway, access to the waterway or other
disruption of travel on the navigable waterway in question. By
way of further answer, plaintiffs deny that, even assuming these
allegations to be true, the accident had no relationship to or
potential effect on maritime commerce, or otherwise does not
satisfy the requirements for admiralty jurisdiction.

9. Paragraph 9 of defendants' Motion contains conclusions
of law which require no response. By way of further response,
plaintiffs deny that the collision between the two wave runners
had no relationship to or potential to effect maritime commerce,
or that the facts otherwise fail to satisfy the requirements for
admiralty jurisdiction.

WHEREFORE, Plaintiffs, Nicholas Martino and Marybeth
Martino, in her own right and as the parent and natural guardian
of Nicole Martino, a minor, requests this Court deny defendants'
Motion To Dismiss Pursuant To F.R.C.P. 12(b)(1) in its entirety

-2-

-3-

and retain jurisdiction over this matter.


**OF COUNSEL**:
Pelino & Lentz, P.C.
One Liberty Place
1650 Market Street
Thirty-Second Floor
Philadelphia, PA 19103-7393
215-665-1540

Howard A. Rosenthal
Darin J. McMullin
Kevin C. Rakowski
 Attorneys for Plaintiffs,
  Nicholas Martino and Nicole
  Martino, a minor, by her
  parent and guardian,
  Marybeth Martino and
  Marybeth Martino, in her
  own right