## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NICHOLAS MARTINO** : | |
|     **AND** : | |
| **NICOLE MARTINO** : | |
|     **AND** : | |
| **MARY BETH MARTINO** : | |
|     vs. : | |
| **RICHARD CRAFT** : | |
|     **AND** : | **CIVIL ACTION NO. 02-CV-4633** |
| **JOHN HAMMERSCHMIDT** : | |

## **ORDER**

      AND NOW, this _____ day of _____, 2003, it is ORDERED and DECREED that Defendants' Motion *In Limine* to Preclude Plaintiffs from Making Any References, at Trial, to the Defendant, Richard Craft's, Consumption of Any Alcoholic Beverages on July 15, 2000 is GRANTED.

                                          BY THE COURT:


                                          _____
                                                         J.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS MARTINO : | |
| AND : | |
| NICOLE MARTINO : | |
| AND : | |
| MARY BETH MARTINO : | |
| vs. : | |
| RICHARD CRAFT : | |
| AND : | CIVIL ACTION NO. 02-CV-4633 |
| JOHN HAMMERSCHMIDT : | |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFFS FROM MAKING ANY REFERENCES, AT TRIAL, TO DEFENDANT, RICHARD CRAFT'S, CONSUMPTION OF ANY ALCOHOLIC BEVERAGES ON JULY 15, 2000.**

AND NOW comes Defendants, Richard Craft and John Hammerschmidt, by and through their attorneys, Bennett, Bricklin & Saltzburg, LLP, and moves this Court to preclude plaintiffs and their counsel from making any references, at trial, to Defendant, Richard Craft's, consumption of any alcoholic beverages on July 15, 2000.

1. The Martino plaintiffs instituted the instant negligence action in the United States District Court for the Eastern District of Pennsylvania, pursuant to the Court's Admiralty Jurisdiction, on July 12, 2002. A true and correct copy of the Complaint is attached hereto as Exhibit "A".

2. Plaintiffs' Complaint alleges, *inter alia*, causes of action against defendants in Negligence, Negligence *per se,* and Loss of Consortium*,*, resulting from a personal water craft (hereinafter "wave runner") accident alleged to have occurred on July 15, 2000. See Exhibit "A".

3. At all relevant times hereto, Plaintiff, Nicholas Martino, and his family were guests at

Defendant, Richard Craft's, vacation home (hereinafter "Craft home") in Galena, Maryland.

4. Upon arriving at the Craft home, at approximately 3:00 pm on July 15, 2000, the Martino family, Craft family and an unrelated third party family began to socialize by the defendants' pool area.

5. During that initial socialization period, Plaintiff, Nicholas Martino, was offered and consumed one alcoholic beverage ("gin and tonic"). See Exhibit "B", the deposition of Nicholas Martino, pp. 28-29.

6. At or around the same time period, Defendant, Richard Craft, also consumed one alcoholic beverage (an unnamed "rum" beverage). See Exhibit "C", the deposition of Richard Craft, pp. 50-51.

7. Both Plaintiff, Nicholas Martino, and Plaintiff, Marybeth Martino, testified at their respective depositions that neither Richard Craft nor Nicholas Martino were impaired or intoxicated at any time relevant to the instant litigation.

> Nicholas Martino testifies:
>
> Q: Before you operated the WaveRunners by yourselves, did you feel impaired in any capacity as a result of the gin and tonic or anything else?
> A: No.
> Q: Was there anything about how Mr. Craft was behaving, in your observation, that led you to believe that he was impaired in any capacity to operate the WaveRunner?
> A: No.
>
> See Nicholas Martino's deposition p.41, attached hereto as Exhibit "D"
>
> Marybeth Martino testifies:
>
> Q: Did he [Mr. Craft] appear to you to be impaired in any fashion?
> A: No.
> Q: Did your husband [Mr. Martino] appear to you to be

     impaired in any fashion?
A: No.

    See Marybeth Martino's deposition p.45, attached hereto as
    Exhibit "E".

  8. In fact, both Mr. and Mrs. Martino attest that said alcoholic beverages were consumed no less than one hour prior to either Mr. Martino's or Mr. Craft's initial operation of their respective waverunners. See deposition of Nicholas Martino p.29, attached hereto as Exhibit "B". See also deposition of Marybeth Martino p.45, attached hereto as Exhibit "E".

  9. No other alcoholic beverages were consumed by either party to the accident subsequent to the aforementioned Rum drink and Gin and Tonic drink.

  10. The underlying wave runner accident occurred approximately one hour after the time the parties initially boarded the crafts.[1]

  11. Therefore, defendants believe and therefore aver, that the last alcoholic beverage consumed by either party to the accident was consumed at least two hours prior to the occurrence of said accident.

  12. Also, neither the plaintiffs' Complaint nor the plaintiffs' Pretrial Memorandum alleges or infers that intoxication, on the part of either Richard Craft or Nicholas Martino, was a contributing factor in causing the underlying accident. See Plaintiffs' Complaint, attached hereto as Exhibit "A" and Plaintiffs' Pretrial Memorandum attached hereto as Exhibit "F".

  13. Accordingly, any reference to either parties consumption of alcohol on July 15, 2000

---

[1] Nicholas Martino and Richard Craft boarded the wave runners, at or around 5:30 p.m. Around 6:00 p.m., Mr. Martino and Mr. Craft return to shore to pickup Nicole Martino and Bryson Craft, who then join the pair for approximately another 20 minutes of riding. At or around 6:30 p.m., Mr. Martino and Mr. Craft stop their respective water crafts next to each other and decide to head back to house and have dinner. As Mr. Martino and Mr. Craft begin to turn their craft to head back towards the shore the underlying accident occurred.

is irrelevant to the instant litigation, and thus barred by Federal Rule of Evidence 402, which states, in relevant part, "Evidence which is not relevant is not admissible."

14. Furthermore, even assuming *arguendo* that the aforementioned consumption of alcoholic beverages by the parties is relevant to the instant litigation, said evidence must still be precluded at trial, as the prejudicial effect of such evidence substantially outweighs any probative value it may have.

15. In a case with that dealt with similar evidentiary issues District Court Judge Herbert Hutton stated that, "the Third Circuit applies Pennsylvania law to determine the admissibility of evidence concerning a plaintiff's alcohol consumption." (Citations omitted) Dover-Hymon, et al. v. Southland Corp, 1993 U.S.Dist. LEXIS 13494, *2 (E.D.P.A. 1993).

16. In Dover-Hymon, Judge Hutton went on to explain the law of Pennsylvania and held it applicable to his determination of evidentiary issues concerning alcohol consumption under F.R.E. 403.  Judge Hutton held, that for alcohol consumption to be admitted at trial, "there must be corroborative evidence of alcohol consumption which 'reasonably establishes' that the decedent was 'intoxicated'." (Citations omitted)  Id. at *2.

17. There is no evidence that Richard Craft was intoxicated at any time relevant hereto.

18. On the contrary, there is clear and uncontradicted evidence of Mr. Craft's sobriety, on the day and time of the accident.

19. Not only did plaintiffs testify to such, but Mr. Craft was also **subjected to and passed** a field sobriety test conducted immediately after the accident and administered by the Maryland Marine Police.  See Richard Craft's deposition pp. 94-96, attached hereto as Exhibit "G".

20. Accordingly, said evidence must be precluded pursuant to Rules 402 (relating to

relevance) and Rule 403 (relating to prejudice) of the Federal Rules of Evidence.

WHEREFORE, defendants respectfully requests the Honorable Court enter the attached Order precluding plaintiffs from making any references, at trial, to Defendant, Richard Craft's, consumption of any alcoholic beverages on July 15, 2000.

BENNETT, BRICKLIN & SALTZBURG LLP

_____
PAMELA CARLOS, ESQUIRE

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS MARTINO : | |
| AND : | |
| NICOLE MARTINO : | |
| AND : | |
| MARY BETH MARTINO : | |
| vs. : | |
| RICHARD CRAFT : | |
| AND : | CIVIL ACTION NO. 02-CV-4633 |
| JOHN HAMMERSCHMIDT : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION *IN LIMINE* TO PRECLUDE PLAINTIFFS FROM MAKING ANY REFERENCES, AT TRIAL, TO DEFENDANT, RICHARD CRAFT'S, CONSUMPTION OF ANY ALCOHOLIC BEVERAGES ON JULY 15, 2000.**

**I.    FACTS**

Defendants, Richard Craft and John Hammerschmidt, incorporates all facts and allegations contained within their Pretrial Memorandum and their instant Motion *In Limine* as though the same were more fully set forth herein.

**II    ARGUMENT**

    **A.   Richard Craft's Alcohol Consumption on July 15, 2000 was so de minimus that it should be held irrelevant to the instant litigation.**

Federal Rule of Evidence 401 defines "relevant" evidence as:

> "...evidence having any tendency to make the existence of any fact
> that is of consequence to the determination of the action more
> probable or less probable than it would be without the evidence."

Clearly, any evidence relating to Mr. Craft's consumption of an alcoholic beverage two hours prior to the accident is so far in time from the accident that any relevance said evidence would have had, if the proximity of the drink to the accident were closer in time, has been so far

attenuated that said evidence is no longer of any assistance to the trier of fact.  Moreover, in light of the plaintiffs own testimony regarding Mr. Craft's apparently clear mental state and Mr. Craft's passing of the police field sobriety tests immediately after occurrence of the accident, the Court should find that the aforementioned alcohol evidence is irrelevant and preclude any reference to such pursuant to Rule 402.

      **B.**    **Assuming *Arguendo* that Mr. Craft's Consumption of One to Two Drinks, Two Hours Prior to the Accident, is of Some Relevance, Said Evidence Still Must be Precluded as the Prejudicial Value of the Evidence is Substantially Outweighed by Any Probative Value the Evidence May Have.**

In Dover-Hymon, et al. v. Southland Corp., 1993 U.S.Dist. LEXIS 13494, *2 (E.D.P.A. 1993), a case where the Court was also faced with an alcohol related evidentiary issue, Judge Hutton held that, "the Third Circuit applies Pennsylvania law to determine the admissibility of evidence [pursuant to F.R.E. 403[2]] concerning a plaintiff's alcohol consumption."  Accordingly, the Court applied the mandates of the Pennsylvania Supreme Court as set forth in the seminal case of Fisher v. Dye, 125 A.2d 472 (Pa. 1956).

The Fisher Court held, "While proof of intoxication is relevant where reckless or careless driving of an automobile is the matter at issue, the mere fact of drinking intoxicating liquor is not admissible, being unfairly prejudicial, unless it reasonably establishes a degree of intoxication which proves unfitness to drive."  Id. at 476.

Following the mandates of Fisher and its progeny, Judge Hutton held, "In order to be admissible, there must be corroborative evidence of alcohol consumption which 'reasonably

---

[2]F.R.E. 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

establishes' that the decedent was 'intoxicated'" <u>Dover-Hymon</u>, supra, at *2.  In this case there is no such evidence.

Accordingly, even if the Court finds that evidence of Mr. Craft's consumption of one rum drink probative of an issue to be litigated in the instant matter, the evidence must still be precluded at trial as the evidence is unfairly prejudicial and does not satisfy the evidentiary safeguards set forth in the Federal Rules of Evidence..

### III.    CONCLUSION

WHEREFORE, defendants respectfully requests the Honorable Court enter the attached Order precluding plaintiffs from making any references, at trial, to Defendant, Richard Craft's, consumption of any alcoholic beverages on July 15, 2000.

BENNETT, BRICKLIN & SALTZBURG LLP

_____
PAMELA CARLOS, ESQUIRE

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NICHOLAS MARTINO** : | |
| AND : | |
| **NICOLE MARTINO** : | |
| AND : | |
| **MARY BETH MARTINO** : | |
| vs. : | |
| **RICHARD CRAFT** : | |
| AND : | CIVIL ACTION NO. 02-CV-4633 |
| **JOHN HAMMERSCHMIDT** : | |

### CERTIFICATE OF SERVICE

I, Pamela A. Carlos, Esquire, hereby certify that a true and correct copy of the foregoing Motion for Summary Judgment has been served this date upon all interested counsel by way of hand-delivery addressed as follows:

Kevin Rakowski, Esquire
**Pelino & Lentz, P.C.**
One Liberty Place
32nd Floor
1650 Market Street
Philadelphia, PA 19103-7393

                                              **BENNETT, BRICKLIN & SALTZBURG, L.L.P.**

                           **By:** _____
                                              **PAMELA A. CARLOS, ESQUIRE**
                                              **Attorney for defendant**,
                                              **Richard Craft and John Hammerschmidt**

Dated:   October 28, 2003