## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS MARTINO : | |
|    AND : | |
| NICOLE MARTINO : | |
|    AND : | |
| MARY BETH MARTINO : | |
|    vs. : | |
| RICHARD CRAFT : | |
|    AND : | CIVIL ACTION NO. 02-CV-4633 |
| JOHN HAMMERSCHMIDT : | |

## ORDER

AND NOW, this        day of            , 2003, it is ORDERED and

DECREED that Defendant's Motion *In Limine* to Preclude Plaintiffs' from Making Any

References to the Nature of Kathleen Shetzline's illness at trial is GRANTED.


BY THE COURT:


_____
                               J.

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NICHOLAS MARTINO** | : |
| **AND** | : |
| **NICOLE MARTINO** | : |
| **AND** | : |
| **MARY BETH MARTINO** | : |
| **vs.** | : |
| **RICHARD CRAFT** | : |
| **AND** | :     **CIVIL ACTION NO. 02-CV-4633** |
| **JOHN HAMMERSCHMIDT** | : |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFFS FROM MAKING
ANY REFERENCES TO THE NATURE OF KATHLEEN SCHETZLINE'S ILLNESS AT
TRIAL**

AND NOW comes Defendants, Richard Craft and John Hammerschmidt, by and through

its attorneys, Bennett, Bricklin & Saltzburg, LLP, and moves this Court to preclude plaintiffs and

their counsel from making any references to the nature of Kathleen Shetzline's illness at trial.

1. The Martino plaintiffs instituted the instant negligence action in the United States

District Court for the Eastern District of Pennsylvania, pursuant to the Court's Admiralty

Jurisdiction, on July 12, 2002.  A true and correct copy of the Complaint is attached hereto as

Exhibit "A".

2. Plaintiffs' Complaint alleges, *inter alia*, causes of action against the defendants in

Negligence, Negligence *per se,* and Loss of Consortium, resulting from a personal water craft

(hereinafter "waverunner") accident alleged to have occurred on July 15, 2000.

3. On July 15, 2000, Plaintiffs, Nicholas Martino, Marybeth Martino, and Nicole

Martino, were the social guests of Defendant, Richard Craft, in their Galena, Maryland vacation

home.

4. Kathleen Shetzline, Mrs. Martino's daughter from a previous marriage, did not accompany the plaintiffs during the aforementioned trip, and therefore was not present at anytime during the plaintiffs' trip to the Craft's Maryland home.

5. On or about July 4, 2000, approximately 11 days prior to the date of the accident, Katherine Shetzline began becoming symptomatic for <u>stomach cancer</u>. See Marybeth Martino's deposition pp. 18-21, attached hereto as Exhibit "B".

6. During the period between July, 2000 to December, 2000, Kathleen Shetzline underwent numerous treatments to combat her cancer, including stomach removal. See Exhibit "B".

7. Although Ms. Shetzline's illness was unfortunate in nature, none of Kathleen Shetzline's medical problems are attributable to either the events of July 15, 2000 or the defendants' alleged actions.

8. Defendant believes and therefore avers, that plaintiffs' counsel may seek to introduce evidence regarding the nature of Ms. Shetzline's injuries at the trial of this matter in the context of Mary Beth Martino's loss of consortium claims.

9. The Court should preclude all references to the <u>nature</u> of Kathleen Shetzline's injuries as it is irrelevant to the resolution of any material issues presented by the instant litigation.

10. Moreover, Ms. Shetzline's illness is of the type that will undoubtedly invoke an emotional reaction upon some, if not all, of the members of the jury; which will unfairly prejudice the defendants and likely lead to jury confusion. Accordingly, said evidence should be precluded pursuant to F.R.E. 40 (relating to relevance) and F.R.E. 403 (relating to prejudice).

11. Federal Rule of Evidence 401 defines "relevant" evidence as:

"evidence having any tendency to make the existence of any fact
that is of consequence to the determination of the action more
probable or less probable than it would be without the evidence."

12.  Federal Rule of Evidence 403 states:

"Although relevant, evidence may be excluded if its probative
value is substatially outweighed by the danger or unfair prejudice,
confusion of the issues, or misleading the jury, or by
considerations of undue delay, waste of time, or needless
presentation of cumulative evidence."

13.  Defendants maintain that pursuant to the provisions of F.R.E. 40 and 403, the nature

of Kathleen Shetzline's illness is not relevant to the underlying determination fo plaintiffs'

action.  Moreover, introduction of said evidence would be of undue prejudice to the defense.

14.  Accordingly, for the above stated facts and reasons, the Court should preclude, from

mention at trial, any and all references as to the nature of Katherine Shetzline's illness.

Wherefore, defendants, Richard Craft and John Hammerschmidt, respectfully requests

the Honorable Court enter the attached Order and preclude plaintiffs and their counsel from

making any references to the nature of Kathleen Shetzline's illness at trial.

BENNETT, BRICKLIN & SALTZBURG, LLP

_____
PAMELA CARLOS, ESQUIRE

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NICHOLAS MARTINO** | : |
|     **AND** | : |
| **NICOLE MARTINO** | : |
|     **AND** | : |
| **MARY BETH MARTINO** | : |
|     **vs.** | : |
| **RICHARD CRAFT** | : |
|     **AND** | :     **CIVIL ACTION NO. 02-CV-4633** |
| **JOHN HAMMERSCHMIDT** | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFFS FROM MAKING ANY REFERENCES TO THE NATURE OF KATHLEEN SCHETZLINE'S ILLNESS AT TRIAL**

Defendants, Richard Craft and John Hammerschmidt, incorporates all facts, allegations and conclusions of law contained within their Pretrial Memorandum and their attached Motion *in Limine* as though it was more fully set forth herein.

Wherefore, defendants, Richard Craft and John Hammerschmidt, respectfully requests the Honorable Court enter the attached Order and preclude plaintiffs and their counsel from making any references to the nature of Kathleen Shetzline's illness at trial.

BENNETT, BRICKLIN & SALTZBURG, LLP

_____

PAMELA CARLOS, ESQUIRE

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NICHOLAS MARTINO** | : | |
| **AND** | : | |
| **NICOLE MARTINO** | : | |
| **AND** | : | |
| **MARY BETH MARTINO** | : | |
| **vs.** | : | |
| **RICHARD CRAFT** | : | |
| **AND** | : | **CIVIL ACTION NO. 02-CV-4633** |
| **JOHN HAMMERSCHMIDT** | : | |

**CERTIFICATE OF SERVICE**

I, Pamela A. Carlos, Esquire, hereby certify that a true and correct copy of the foregoing Motion in Limine to preclude plaintiffs from making any references to the nature of Kathleen Schetzlines illness at trial has been served this date upon all interested counsel by way of hand-delivery addressed as follows:

Kevin Rakowski, Esquire
**Pelino & Lentz, P.C.**
One Liberty Place
32nd Floor
1650 Market Street
Philadelphia, PA 19103-7393

                                    **BENNETT, BRICKLIN & SALTZBURG, L.L.P.**


                    **By:** _____
                                    **PAMELA A. CARLOS, ESQUIRE**
                                    **Attorney for defendant,**
                                    **Richard Craft and John Hammerschmidt**


Dated:    October 28, 2003