**Exhibit A**

## SUMMONS IN A CIVIL ACTION

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS MARTINO; NICOLE MARTINO, a minor, by Marybeth Martino, her parent and natural guardian and MARYBETH MARTINO<br><br>v.<br><br>RICHARD CRAFT and JOHN HAMMERSCHMIDT | CIVIL ACTION NO. 02-4633<br><br>TO: (NAME AND ADDRESS OF DEFENDANT)<br><br>John Hammerschmidt<br>7 Greenbriar Lane<br>Paoli, PA 19301 |

**YOU ARE HEREBY SUMMONED** and required to serve upon

Plaintiff's Attorney (Name and Address)

Howard A. Rosenthal, Esq.
Pelino & Lentz, PC
One Liberty Place, 32nd flr.
Philadelphia, PA 19103

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

| | |
|---|---|
| Michael E. Kunz, Clerk of Court | Date: 7/12/02 |
| (By) Deputy Clerk<br><br>TRICIA A. JONES | |

EXHIBIT
Martinos
7-21-03 8m

# TO'N

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Nicholas Martino,
5 Gregory Lane
Newtown Square, PA    19073

     and

Nicole Martino, a minor, by
Marybeth Martino, her parent and
natural guardian
5 Gregory Lane
Newtown Square, PA    19073

     and

Marybeth Martino
5 Gregory Lane
Newtown Square, PA    19073

         Plaintiffs,

      v.

Richard Craft
659 Andover Road
Newtown Square, PA    19073

     and

John Hammerschmidt
7 Greenbriar Lane
Paoli, PA    19301

         Defendants.

Civil Action No.

02cv4633

## COMPLAINT

Plaintiffs, Nicholas Martino, Nicole Martino, a minor, by Marybeth Martino, her parent and natural guardian, and Marybeth Martino, in her own right, by their attorneys, bring this action against defendants, and aver as follows:

## I.   STATEMENT OF JURISDICTION AND VENUE

1.   Jurisdiction is founded on this Court's federal admiralty jurisdiction pursuant to Article III, Section 2 of the United States Constitution and 28 U.S.C. § 1333 as the events or omissions giving rise to plaintiffs' claims occurred on the

Sassafras River, a navigable waterway, and were significantly related to traditional maritime activity.

    2.    Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) in that both defendants reside in this judicial district and in the Commonwealth of Pennsylvania.

## II.  THE PARTIES

    3.    Nicholas Martino ("Martino")is an adult individual residing at 5 Gregory Lane, Newtown Square, Pennsylvania 19072.

    4.    Nicole Martino ("Nicole")is a minor residing with her parent and natural guardian, Marybeth Martino, at 5 Gregory Lane, Newtown Square, Pennsylvania 19073.

    5.    Marybeth Martino is an adult individual residing at 5 Gregory Lane, Newtown Square, Pennsylvania 19072 and is the wife of Nicholas Martino.

    6.    Richard Craft ("Craft") is an adult individual residing at 659 Andover Road, Newtown Square, Pennsylvania 19073.

    7.    John Hammerschmidt ("Hammerschmidt") is an adult individual residing at 7 Greenbriar Lane, Paoli, Pennsylvania 19301.

## III.  FACTS

    8.    On or about July 15, 2000, Craft and Hammerschmidt were co-owners of a vacation residence located on the Sassafras River in or near Galena, Maryland.

    9.    The Sassafras River is used, or is susceptible of being used, as a highway for commerce over which trade and travel are or may be conducted and is, therefore, a navigable waterway.

    10.    Located at the residence were two water craft

known as "wave runners" which Hammerschmidt owned and had the right and ability to permit or prohibit others including Craft from using.

11.    At all relevant times, Hammerschmidt knowingly permitted Craft and others to use the wave runners.

12.    On July 15, 2000, Martino, his wife, Marybeth, and their daughter, Nicole, were visiting the defendants' vacation residence as invited guests of Craft.

13.    At approximately 4 to 5 p.m., at Craft's suggestion, Craft, his son, Martino and Nicole took the wave runners out for a ride on the Sassafras River.  Martino and Nicole were riding on one of the wave runners, while Craft and his son were riding on the other.

14.    At all relevant times, Craft had a duty to persons traveling on the Sassafras River to operate his wave runner in a safe manner and take all due care to avoid injuring others by his operation of the wave runner.

15.    While operating his wave runner, Craft, without prior warning, drove directly into Martino's wave runner injuring both Martino and his daughter, Nicole.

16.    Following the impact, Martino had to drive his wave runner with his leg broken and bleeding severely for approximately five minutes until he could reach the shore.

17.    After Martino reached shore, an EMT team performed emergency treatment until Martino was taken by medivac helicopter to the R. Adams Crowley Shock Trauma Center in Baltimore, Maryland.

18.    Nicole was taken to a local hospital by her mother.

19.    Martino sustained severe, permanent, painful and disabling physical injuries, including:

a.    a type three open tibia fracture of the left leg which, to date, has, required 23 surgical procedures and multiple, extended hospital stays for treatment which has included the placing, setting and re-setting an external fixator; extensive muscle grafting; reconstructive surgery and skin grafting; bone graft surgery; the removal of additional destroyed muscle; installation of a rod; the insertion of a port in Mr. Martino's chest for antibiotic treatment and extensive rehabilitation;

b.    the permanent destruction of otherwise healthy muscle and skin tissue;

c.    the onset of a heavy staph infection and chronic osteomyelitis which, if the infection develops a resistance to antibiotics, may require amputation of Martino's left leg;

d.    internal bleeding and aggravation of the staph infection;

e.    a loss of flexibility in Martino's ankle, foot and calf, requiring him to walk in a labored fashion and the shortening of one of Martino's legs, which requires him to wear custom lifts;

f.    permanent scarring; and

g.    constant pain in Martino's leg.

-4-

STATE FARM INS.

20. Martino's physical injuries are permanent in nature and are continuing.

21. Martino's physical injuries have directly limited, if not eliminated, his ability to remain physically active.

22. As a direct and proximate result of the accident, Martino has had to rely on a wheelchair or crutches to walk, cannot engage in many physical activities which he had previously enjoyed, such as exercising, playing in an adult soccer league and performing household chores, which he must now hire someone to do.

23. Martino's doctors have considered him disabled since the date of the accident and his injuries presently restrict his movement which currently limits his ability to work.

24. Because injuries from the accident precluded the international travel required by his employer, Martino lost his job and current and future salary, bonus opportunities and options.

25. As a further direct and proximate result of the accident, Martino has suffered a loss of past and future earnings.

26. Martino's physical injuries are permanent in nature and his damages are continuing.

27. Moreover, as a direct and proximate result of the acts and omissions of Craft, as otherwise set forth in this Complaint, Nicole sustained severe injuries, pain and suffering, including a left fibula fracture requiring a cast.

28. The injuries Nicole sustained prevented her from participating in her usual athletic activities, including a

swimming team, tennis and golf programs and part of her fall soccer season, from the time of the accident until October, 2001.

29.  Nicole's physical injuries caused her great pain and anguish and required significant expense for her treatment and care.

## COUNT I: NEGLIGENCE
### (Nicholas Martino v. Richard Craft)

30.  Plaintiffs incorporate by reference Paragraphs 1 through 29 of this Complaint.

31.  At all relevant times, Craft owed a duty to Martino to operate his wave runner in a safe manner and take all due care to avoid injuring Martino by his operation of the wave runner.

32.  Craft failed to use due care and caution when, without prior warning, he drove directly into Martino's wave runner causing serious injury to Martino.

33.  Under the circumstances, Craft's operation of the wave runner was unreasonable, negligent and in reckless disregard for the safety of Martino in that he:

    a.    failed to learn how to properly and safely operate the wave runner and take reasonably necessary safety and training courses for the operation of such a craft;

    b.    failed to give adequate warning that he was going to travel in the direction of Martino and Nicole;

    c.    failed to keep proper lookout and observe the wave runner being operated by Martino even though it could clearly be seen;

    d.    accelerated too quickly and traveled at an

excessive or unsafe speed;

    e.   failed to maintain control over his wave runner to avoid colliding with the wave runner operated by Martino;

    f.   failed to give Martino sufficient time to pass;

    g.   failed to give adequate room to stop his wave runner;

    h.   operated his wave runner while intoxicated or under the influence of alcohol; and

    i.   otherwise operated his wave runner in a unsafe, negligent and reckless manner.

34.   The collision and resulting injuries were a direct and foreseeable consequence of Craft's unreasonable, negligent and reckless operation of the wave runner.

35.   Martino at all times operated his wave runner safely having signaled Craft that he was going to turn his wave runner around to head back to the residence, doing so in plain view of Craft and operating his vessel in a safe distance from Craft and otherwise navigating the wave runner in a safe manner.

36.   As a direct and proximate result of Craft's negligent acts and omissions, Martino was injured and sustained severe damages.

WHEREFORE, plaintiff, Nicholas Martino, requests that this Court enter judgment in his favor in an amount in excess of $75,000, together with interest and costs of suit.

## COUNT II: NEGLIGENCE
### (Nicole Martino v. Richard Craft)

37. Plaintiffs incorporate by reference Paragraphs 1 through 36 of this Complaint.

38. At all relevant times, Craft owed a duty to Nicole to operate his wave runner in a safe manner and take all due care to avoid injuring her by his operation of the wave runner.

39. Craft failed to use due care and caution for the safety of Nicole when, without prior warning, Craft drove directly into the side of the wave runner on which Nicole was riding.

40. The collision and resulting injuries were a direct and foreseeable consequence of Craft's unreasonable, negligent and reckless operation of the wave runner.

41. As a direct and proximate result of Craft's negligent acts and omissions, Nicole was injured and sustained severe damages.

WHEREFORE, plaintiff, Nicole Martino, a minor, by Marybeth Martino, her guardian, requests that this Court enter judgment in her favor in an amount in excess of $75,000, together with interest and costs of suit.

## COUNT III: NEGLIGENCE PER SE
### (Nicholas Martino v. Richard Craft)

42. Plaintiffs incorporate by reference Paragraphs 1 through 41 of the Complaint.

43. Craft's unreasonable, negligent and reckless operation of the wave runner, as set forth in Paragraph 33 of this Complaint, violated, _inter alia_, Maryland Natural Resources Code § 8-701 _et. seq._, Code of Maryland Regulations 08.18.02.05,

08.18.01.03, 08.18.01.05, 08,18.01.07 and 08.18.01.04, and the Federal International-Inland Navigation Rules.

44.   Craft's violation of these statutes and regulations constitutes negligence per se.

45.   Martino was within the class of persons these statutes and regulations were designed to protect and the harm which he sustained was the kind these statutes and regulations were designed to prevent.

46.   Craft's violations of these statutes and regulations were a direct and proximate cause of Martino's injury and damage.

WHEREFORE, plaintiff, Nicholas Martino, requests that this Court enter judgment in his favor in an amount in excess of $75,000, together with interest and costs of suit.

## COUNT IV: NEGLIGENCE PER SE
### (Nicole Martino v. Richard Craft)

47.   Plaintiffs incorporate by reference Paragraphs 1 through 46 of the Complaint.

48.   Craft's unreasonable, negligent and reckless operation of the wave runner, as set forth in Paragraph 33 of this Complaint, violated, inter alia, Maryland Natural Resources Code § 8-701 et. seq., Code of Maryland Regulations §§ 08.18.02.05, 08.18.01.03, 08.18.01.05, 08.18.01.07 and 08.18.01.04, and the Federal International-Inland Navigation Rules.

49.   Craft's violation of these statues constitutes negligence per se.

50. Nicole was within the class of persons these statutes were designed to protect and the harm which she sustained was the kind these statutes were designed to prevent.

51. Craft's violations of these statutes were a direct and proximate cause of Nicole's injury and damage.

WHEREFORE, plaintiff, Nicole Martino, a minor, by Marybeth Martino, her guardian, requests that this Court enter judgment in her favor in an amount in excess of $75,000, together with interest and costs of suit.

## COUNT V: NEGLIGENCE
### (Nicholas Martino v. John Hammerschmidt)

52. Plaintiffs incorporate by reference Paragraphs 1 through 51 of this Complaint.

53. At the time of the accident, the wave runners were owned by and under the control of Hammerschmidt, who had the right and ability to permit or prohibit use of the wave runners by Craft.

54. From the time that Hammerschmidt initially permitted Craft to use the wave runners up through and including July 15, 2000, Hammerschmidt knew or should have known that Craft, because of his inexperience operating the wave runners, reckless propensities and previous unsafe operation of the wave runners, would likely operate the wave runners in a manner involving unreasonable risk of physical harm to others, including Martino.

55. Hammerschmidt acted unreasonably and negligently in permitting, or failing to prohibit, Craft's use of the wave runners.

56. Hammerschmidt's negligent entrustment of the wave runners to Craft was the proximate cause of Martino's injuries and damage.

WHEREFORE, plaintiff, Nicholas Martino, requests that this Court enter judgment in his favor in an amount in excess of $75,000, together with interest and costs of suit.

### COUNT VI: NEGLIGENCE
### (Nicole Martino v. John Hammerschmidt)

57. Plaintiffs incorporate by reference Paragraphs 1 through 56 of this Complaint.

58. At the time of the accident, the wave runners were owned by and under the control of Hammerschmidt, who had the right and ability to permit or prohibit use of the wave runners by Craft.

59. From the time that Hammerschmidt initially permitted Craft to use the wave runners up through and including July 15, 2000, Hammerschmidt knew or should have known that Craft, because of his inexperience operating the wave runners, reckless propensities and previous unsafe operation of the wave runners, would likely operate the wave runners in a manner involving unreasonable risk of physical harm to others, including Nicole.

60. Hammerschmidt acted unreasonably and negligently in permitting, or failing to prohibit, Craft's use of the wave runners.

61. Hammerschmidt's negligent entrustment of the wave runners to Craft was the proximate cause of Nicole's injuries and damage.

-11-

WHEREFORE, plaintiff, Nicole Martino, a minor, by Marybeth Martino, her guardian, requests that this Court enter judgment in her favor in an amount in excess of $75,000, together with interest and costs of suit.

## COUNT VII: LOSS OF CONSORTIUM
### (Marybeth Martino v. Richard Craft)

62. Plaintiffs incorporate by reference Paragraphs 1 through 61 of this Complaint.

63. At all relevant times, Craft owed a duty to Marybeth Martino to avoid interfering with her right to the aid, assistance, comfort, society, companionship and affection of her husband, Nicholas Martino.

64. As set forth above, Craft acted unreasonably and negligently in his operation of the wave runner, proximately causing serious injury and damage to Martino, her husband.

65. As a direct and proximate result of the negligent acts and omissions of Craft, as set forth in Paragraph 33 of the Complaint, Craft injured Martino in such a way as to deprive Marybeth Martino of her right to the aid, assistance, comfort, society, companionship and affection of her husband.

WHEREFORE, plaintiff, Marybeth Martino, requests that this Court enter judgment in her favor in an amount in excess of $75,000, together with interests and costs of suit.

## COUNT VIII: LOSS OF CONSORTIUM
### (Marybeth Martino v. John Hammerschmidt)

66. Plaintiffs incorporate by reference Paragraphs 1 through 65 of this Complaint.

67. At all relevant times, Hammerschmidt owed a duty to Marybeth Martino to avoid interfering with her right to the

-12-

aid, assistance, comfort, society, companionship and affection of her husband, Nicholas Martino.

68. As set forth above, Hammerschmidt acted unreasonably and negligently in permitting, or failing to prohibit, Craft's use of the wave runner, which proximately caused serious injury and damage to Martino.

69. As a direct and proximate result of Hammerschmidt's negligent entrustment of the wave runners, Nicholas Martino was injured in such a way as to deprive Marybeth Martino of her right to the aid, assistance, comfort, society, companionship and affection of her husband.

WHEREFORE, plaintiff, Marybeth Martino, requests that this Court enter judgment in her favor in an amount in excess of $75,000, together with interests and costs of suit.

OF COUNSEL:
Pelino & Lentz, P.C.
One Liberty Place
1650 Market Street
Thirty-Second Floor
Philadelphia, PA 19103-7393
215-665-1540

Howard A. Rosenthal
Kevin C. Rakowski
   Attorneys for Plaintiffs,
   Nicholas Martino and Nicole
   Martino, a minor, by her
   parent and guardian,
   Marybeth Martino and
   Marybeth Martino, in her
   own right

MARTINO # 6

# STATE OF MARYLAND
## WATERCRAFT ACCIDENT REPORT

| RECREATIONAL ☐ | COMMERCIAL ☐ | BOTH ☐ | MO | DATE | YEAR | TIME (MILITARY) | DAY OF WEEK | INCIDENT NUMBER |
|---|---|---|---|---|---|---|---|---|
| | | | 07 | 16 | 00 | 1921 | SAT | 10001706 6 U |

| NOTIFIED (MILIT) 1922 | ACCIDENT SEVERITY (8) ☐ Damage Only ☐ Possible Injury ☐ Non-incapacitating Inj. | ☒ Incapacitating Inj. ☐ Fatal ☐ Missing | ACCIDENT TYPE (9) ☐ Grounding ☐ Capsizing ☐ Flooding | ☐ Sinking ☐ Fire or Explosion ☒ Collision Vessel | ☐ Collison Fix Object ☐ Collision Flo Object ☐ Falls Overboard | ☐ Falls in Boat ☐ Hit By Boat or Propeller ☐ Burns | ☐ Other (Specify) | COLLISION TYPE (10) ☐ Head On ☒ Angle ☐ Rear End ☐ Other ☐ Side Swipe |
|---|---|---|---|---|---|---|---|---|
| E ARRIVED (MILIT) 1956 | | | | | | | | |

| AL VESSELS OLVED 2 | LOCATION OF INCIDENT (BAY, RIVER, CREEK, COVE, LAKE, ETC.) SASSAFRASS RIVER | LOCATION CODE | NEAREST TOWN GALENA | COUNTY KE |
|---|---|---|---|---|

| AGE TO PROPERTY (ER THAN VESSEL) | OBJECT N/A | OWNER NAME (FIRST, MIDDLE, LAST & ADDRESS) N/A | DAMAGE SEVERITY ☐ Superficial ☒ Minor ☐ Moderate ☐ Destroyed |
|---|---|---|---|

## VESSEL NUMBER 1

| PERATOR NAME (FIRST, MIDDLE, LAST) RICHARD ELLIS CRAFT | SEX M | DATE OF BIRTH MO. DAY YEAR 01-28-60 | INJURY 1 | COND 2 | PA LICENSE NUMBER (SPECIFY) OLN 18791192 |
|---|---|---|---|---|---|

| RESS (NUMBER AND STREET) 659 ANDOVER RD | CITY New Town Square | STATE PA | ZIP CODE 19073 | HOME PHONE NUMBER 410-648-5647 |
|---|---|---|---|---|

| PATION ancial Planner | EMPLOYER Wealth Advisery | ADDRESS 40 Monument Rd, | STATE PA | ZIP CODE 19073 | WORK PHONE NUMBER 616-353-3033 |
|---|---|---|---|---|---|

| ATOR BOATING EXPERIENCE ☐ NONE ☐ UNDER 20 HRS ☐ 20-100 HRS ☐ 100-500 HRS ☒ OVER 500 HRS | OPERATOR BOATING EDUCATION N/A ☐ USCGA ☐ STATE ☐ USPS ☐ LICENSED ☐ NONE ☐ OTHER |
|---|---|

| ERS NAME (FIRST, MIDDLE, LAST) (Same As Operator) | ADDRESS (NUMBER AND STREET) | CITY | STATE | ZIP CODE | PHONE NUMBER |
|---|---|---|---|---|---|

| MAKE OF VESSEL YAMAHA | MODEL XA800Y | TYPE PWC | PWC ☒ YES ☐ NO | NAME OF VESSEL N/A | DOCUMENTED ☐ YES ☒ NO | REGIST. OR DOCUMENT NUMBER MD 2855 BL |
|---|---|---|---|---|---|---|

| DR PURP | HULL MAT'L 2 | FUEL 1 | YEAR 00 | LENGTH 10'5" | WIDTH 40" | DRAFT 12" | SERIAL NUMBER (HIN) YAMA 3165A000 | EST. DAMAGE ($) (BY WHOM) 50.00 |
|---|---|---|---|---|---|---|---|---|

| ENGINES 1 | MAKE OF ENGINE YAMAHA | TYPE: ☐ OUTBOARD ☐ INBOARD/OUTBOARD ☐ INBOARD ☒ JET ☐ OTHER | HORSEPOWER 120 | YEAR 00 |
|---|---|---|---|---|

| TION OF TRAVEL WEST | POINT OF IMPACT PORT MID | P.O.B 2 | H.P. RATING N/A | LEGAL CAPACITY N/A | EST. SPEED 20 | VESSEL INSURED ☐ YES ☐ NO ☒ UNKNOWN |
|---|---|---|---|---|---|---|

| IBE DAMAGE TO VESSEL SCRAPES IN THE STARBOARD BOW FIBERGLASS. | DAMAGE SEVERITY ☐ Disabling Damage ☒ Functional Damage ☐ Other Damage ☐ No Damage | NAME OF INSURANCE CO. AND AGENT N/A ADDRESS |
|---|---|---|

| REMOVED TO N/A | BY N/A |
|---|---|

| ANT LOCATION | OCCUPANT NAME | ADDRESS | DOB | SEX | INJURY | COND. |
|---|---|---|---|---|---|---|
| | 1 (A) RICHARD CRAFT | | 1-28-60 | M | 1 | 2 |
| 1A | 2 | | | | | |
| | 3 | | | | | |
| | 4 | | | | | |
| Operator is shown by the letter "A" and | 5 | | | | | |
| t locate by their respective number. | | | | | | |

| CODES |
|---|

| AL CODE | INJURY SEVERITY CODE | CONDITION CODE | | | FUEL CODE |
|---|---|---|---|---|---|
| 3 Aluminum | 1. No Injury    4. Incapacitating Inj. | 1. Apparently Normal    4. Other handicaps | 6. Ill | | 1. Gasoline |
| erglass  4 Steel | 2. Possible Injury    5. Fatal | 2. Had Been Drinking    (Emotional prob. Etc.) | 7. Fatigued | | 2. Dsn |
| 5 Other | 3. Non-incapacitating    6. Missing | 3. Physical Defects    5. Conditions Unknown | 8. Apparently Asleep | | |

VESSEL NUMBER 2

INCIDENT NUMBER:

OPERATOR NAME (FIRST, MIDDLE, LAST): NICHOLAS WALTER MARTINO
SEX: m
DATE OF BIRTH MO. DAY YEAR: 08-19-55
INJURY: 4
COND.: 1
LICENSE NUMBER (SPECIFY): PA OW/16 560602

ADDRESS (NUMBER AND STREET): 5 GREGORY LN
CITY: Newtown Square
STATE: PA
ZIP CODE: 19073
HOME PHONE NUMBER: 610-353-3098

OCCUPATION: Sales man
EMPLOYER: Merit ind/Al mustrib
ADDRESS: Be nsalem
STATE: PA
ZIP CODE: N/A
WORK PHONE NUMBER: 215-

OPERATOR BOATING EXPERIENCE: [ ] NONE [ ] UNDER 20 HRS [X] 20-100 HRS [ ] 100-500 HRS [ ] OVER 500 HRS

OPERATOR BOATING EDUCATION: [ ] USCGA [ ] STATE [ ] USPS [ ] LICENSED [ ] NONE [ ] OTHER N/A

OWNERS NAME (FIRST, MIDDLE, LAST): RICHARD CRAFT
ADDRESS (NUMBER AND STREET): 659 ANDOVER RD
CITY: Newtown Square
STATE:
ZIP CODE:
PHONE NUMBER: 610-

MAKE OF VESSEL: YAMAHA
MODEL: XA800Y
TYPE: PWC
PWC: [X] YES [ ] NO
NAME OF VESSEL: N/A
DOCUMENTED: [ ] YES [X] NO
REGIST. OR DOCUMENT NUMBER: MD2852BL

COLOR: WHT/WANG
HULL MATL: 2
FUEL: 1
YEAR: .00
LENGTH: 10'5"
WIDTH: 40"
DRAFT: 12"
SERIAL NUMBER (HIN): YAMA 3166A000
EST. DAMAGE (S) (BY WHOM): 150.00

# OF ENGINES: 1
MAKE OF ENGINE: YAMAHA
TYPE: [ ] OUTBOARD [ ] INBOARD/OUTBOARD [X] INBOARD [ ] JET [ ] OTHER
HORSEPOWER: 120
YEAR: 00

DIRECTION OF TRAVEL: SOUTHWEST
POINT OF IMPACT: PORT MID
P.O.B: 2
H.P. RATING: N/A
LEGAL CAPACITY: N/A
EST. SPEED: 20 KNOTS
VESSEL INSURED: [ ] YES [ ] NO [X] UNKNOWN

DESCRIBE DAMAGE TO VESSEL: SCRAPES TO PORT mid Fiberglass, TORN SEAT.

DAMAGE SEVERITY: [ ] Disabling Damage [X] Functional Damage [ ] Other Damage [ ] No Damage

NAME OF INSURANCE CO. AND AGENT: N/A
ADDRESS:

VESSEL REMOVED TO:
BY:

OCCUPANT LOCATION

(1A) (2)

Refer to Operator location by the letter "A" and occupant location by their respective number.

| | OCCUPANT NAME | ADDRESS | DOB | SEX | INJURY |
|---|---|---|---|---|---|
| 1. | NICHOLAS MARTINO | 5 Gregory LN, Newton Square PA | 8-19-55 | m | 4 |
| 2. | NICOLE MARTINO | " " | 4-25-90 | F | 1 |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |
| 6. | | | | | |

| NAME | ADDRESS | DOB | TELEPHONE |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |

IS TAKEN?
Yes
No

INVESTIGATED AT SCENE?
[X] Yes
[ ] No

INVESTIGATION COMPLETE?
[X] Yes
[ ] No

ALCOHOL TEST

| 1 | 2 | VICTIM | 1 | 2 | VICTIM |
|---|---|---|---|---|---|
| [X] | [X] | [X] None Offered | [ ] | [ ] | [ ] Post Mortem |
| [ ] | [ ] | [ ] Blood | [ ] | [ ] | [ ] Refused |
| [ ] | [ ] | [ ] Breathalyzer | | | |

TEST RESULTS
1 ___ N/A ___ BAC
2 ___ ___ BAC
Victim ___

CODES

HULL CODE: 3. Aluminum 4. Steel
INJURY SEVERITY CODE: 1. No Injury 2. Possible Injury 4. Incapacitating Inj. 5. Fatal
CONDITION CODE: 1. Apparently Normal 2. Had Been Drinking 4. Other handicaps (Emotional prob. Etc.)
6. Ill 7. Fatigued 8. Apparently Asleep
FUEL CODE: 1. Gasoline 2. Diesel

| INCIDENT NUMBER | 100017066 U |
|---|---|

**ERATION AT TIME OF ACCIDENT**

| 2 | 1 | 2 | |
|---|---|---|---|
| [ ] CRUISING | [ ] | [ ] | FUELING |
| [ ] APPROACHING DOCK | [ ] | [ ] | FISHING/HUNT |
| [ ] LEAVING DOCK | [ ] | [ ] | WATER SKIING |
| [ ] RACING | [ ] | [ ] | SCUBA DIVING |
| [ ] TOWING | [ ] | [ ] | SWIMMING |
| [ ] BEING TOWED | [X] | [X] | MANEUVERING |
| [ ] AT ANCHOR | [ ] | [ ] | DRIFTING |
| [ ] TIED TO DOCK | [/] | [ ] | UNKNOWN |
| [ ] WHITEWATER OPERATION | [ ] | [ ] | OTHER (Specify) |

**WEATHER**

- [ ] Clear
- [X] Cloudy
- [ ] Rain
- [ ] Snow
- [ ] Hazy
- [ ] Fog
- [ ] Unknown

**WIND**

- [ ] None
- [X] Light (0-6 MPH)
- [ ] Moderate (7-15 MPH)
- [ ] Strong (15-25 MPH)
- [ ] Storm (Over 25 MPH)
- [ ] Unknown

Wind Direction _WEST_

Est. Air Temp _80_

**WATER**

- [X] Calm
- [ ] Choppy
- [ ] Rough
- [ ] Very Rough
- [ ] Strong Current
- [ ] Flood
- [ ] Ebb
- [ ] Unknown

Est. Temp _68_

**LIGHT**

- [X] Day
- [ ] Dawn
- [ ] Dusk
- [ ] Dark
- [ ] Moon
- [ ] Artificial
- [ ] Unknown

---

**FFIC**

- one
- light
- Medium
- Heavy
- Congested
- Unknown

**REQUIRED EQUIPMENT ON BOARD**

| | VESSEL 1 | | | | VESSEL 2 | | | |
|---|---|---|---|---|---|---|---|---|
| | Yes | No | Used | Unk | Yes | No | Used | Unk |
| Personal Flotation Devices | [X] | [ ] | [X] | [ ] | [X] | [ ] | [ ] | [ ] |
| Victim Wearing PFD | [ ] | [ ] | [ ] | [ ] | [X] | [ ] | [ ] | [ ] |
| Fire Extinguishing Device | [X] | [ ] | [ ] | [ ] | [X] | [ ] | [ ] | [ ] |
| Flame Arrestor | [X] | [ ] | [ ] | [ ] | [X] | [ ] | [ ] | [ ] |
| Navigation (Lights, Shapes, Whistles, Foghorns, Bells, etc) | [X] | [ ] | [ ] | [ ] | [X] | [ ] | [ ] | [ ] |

**CONTRIBUTING FACTORS**

| 1 | 2 | | 1 | 2 | |
|---|---|---|---|---|---|
| [ ] | | Excessive Speed | [ ] | | Fault of Hull |
| [ ] | | No Proper Lookout | [ ] | | Fault of Machinery |
| [ ] | | Operator Inattention | [ ] | | Fault of Equipment |
| [ ] | | Operator Inexperience | [ ] | | Wake |
| [ ] | | Negligent/Reckless Operation | [ ] | | Weather Conditions |
| [ ] | | Overloading | [ ] | | Hazardous Waters |
| [ ] | | Improper loading | [ ] | | Unknown |
| [ ] | | Alcohol Use | [ ] | | None Indicated |
| [ ] | | Drug Use | [ ] | | Other (Specify) |
| [ ] | | Fault of Other Person | | | |

---

**AID ADMINISTERED BY:**

- ice [ ] Refused
- man [X] None
- bulance Personnel [ ] Unknown [ ] Other (Specify)

: Could

swim [ ] Yes [ ] No [ ] Unk

| TIME EMS REQUESTED: | INJURED TAKEN BY: | CHARGE - LIST SECTION |
|---|---|---|
| 1921 | MSP Trooper 6 | 1 [X] Yes _NR8-704/ 08.18.02.05L_  [ ] No |

| EMS ARRIVED TIME | INJURED TAKEN TO: | CHARGE - LIST SECTION |
|---|---|---|
| 1935 | BALTIMORE SHOCK TRAUMA | 2 [X] Yes _NR8-704/ 08.18.02.05L_  [ ] No |

---

AM (Label the vessel(s) with their respective number: 1, 2, etc.)

SHOW NORTH BY ARROW

mb2852 BL

mb2855 BL

INCIDENT NUMBER: 100017066 U

NARRATIVE DESCRIPTION

MR. RICHARD CRAFT WAS THE OPERATOR OF VESSEL #1 MD 2855 BL.

MR. NICHOLAS MARTINO WAS THE OPERATOR OF VESSEL #2 MD 2852 BL.

BOTH INDIVIDUALS WERE SITTING ALONG SIDE EACH OTHER AT THE GASSAFBASSR

TALKING. THEY BOTH TOOK OFF AT THE SAME TIME UP ON PLANE, ESTIMATED SPEED

WAS APROX. 20 KNOTS. BOTH SKIS TURNED INTO ONE ANOTHER. MR CRAFT'S SKI

STRUCK MR. MARTINO'S SKI ON ITS PORT MID SIDE. THERE WAS DAMAGE TO THE

PORT MID SIDE FIBER GLASS AND A TEAR IN THE SEAT ALONG WITH PAINT TRANSER

MR. CRAFT'S SKI RECEIVED DAMAGE TO THE STARBOARD BOW (CHIPS IN THE FIBERGLASS)

AS A RESULT MR. MARTINO WAS FLOWN TO SHOCK TRAUMA IN BALTIMORE AND

TREATED FOR A BROKEN LEG.

| BOATING ACCIDENT REPORT) GIVEN TO: | VESSEL 1 Yes No | VESSEL 2 Yes No | VESSEL ___ Yes No | SUPPLEMENTAL REPORT ATTACHED Yes No | STATUS |
|---|---|---|---|---|---|
| | ☒ ☐ | ☒ ☐ | ☐ ☐ | ☐ ☒ | OPEN ☐ |
| | | | | | CLOSED ☒ |
| | | | | | SUSPENDED ☐ |

| STIGATING OFFICER | ID NUMBER | REPORTING AGENCY | DATE |
|---|---|---|---|
| PL. ROBERT KERSEY | 1316 | NRP | 7-15-00 |

| WED BY: (Criminal Investigator's Signature) | ID NUMBER | ASSISTING WITH INVESTIGATION | DATE |
|---|---|---|---|
| PL. Robert Alexander | 1227 | YES ☐ NO ☒ | 7-27-00 |

| VISOR | DATE | APPROVED BY | DATE |
|---|---|---|---|
| Sgt J.A. Sh | 7-26-00 | Lt. Q Brog | 7/30/00 |

**Exhibit B**

MARYBETH MARTINO

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION NO. 02-4633

| | |
|---|---|
| NICHOLAS MARTINO; | ) DEPOSITION UPON |
| NICOLE MARTINO, a minor, | ) |
| by Marybeth Martino, her | ) ORAL EXAMINATION |
| parent and natural guardian, | ) |
| and MARYBETH MARTINO, | ) OF |
| | ) |
| Plaintiffs, | ) MARYBETH MARTINO |
| | ) |
| - vs - | ) |
| | ) |
| RICHARD CRAFT and | ) |
| JOHN HAMMERSCHMIDT, | ) |
| | ) |
| Defendants. | ) |

- - - - - - - - - - - - - -

TRANSCRIPT OF DEPOSITION, taken by and

before SHAMEKA MASON, Certified Court Reporter and

Notary Public, at the Law Offices of BENNETT,

BRICKLIN & SALTZBURG, 1601 Market Street, 16th

Floor, Philadelphia, Pennsylvania, on Monday, July

21, 2003, commencing at 4:36 p.m. ORIGINAL

REPORTING SERVICE ASSOCIATES (RSA)
A Veritext Company
1845 Walnut Street-15th Floor
Philadelphia, PA 19103
(215) 241-1000

18

```
1    she wasn't in camps, she would watch her, but she
2    would then drive her, because I was leaving at
3    like 5 o'clock in the morning, 6 o'clock, a lot of
4    times, not getting home until 10:00 or 11:00 at
5    night.  So she was kind of running the house for
6    me.
7        Q.   How long was that pattern going on before
8    you knew that Katherine was ill?
9        A.   Kathy's first incident was the 4th of July
10   incident.  Just before the accident she had a bad
11   episode where she doubled up in pain.  His
12   accident was July.  She had a CAT scan done -- or
13   an ultrasound first and then a CAT scan done,
14   because they saw something on the ultrasound after
15   his accident while he was still in the hospital,
16   because the doctor called there with her CAT scan
17   results in his room, and that's where they really
18   saw something they considered lumps in her
19   stomach, and then they sent her for an endoscopy
20   in Radnor.
21        They saw something in her liver, so they
22   sent her to have another ultrasound done.  Both of
23   those tests were done while he was still in the
24   hospital.  Those came back and recommended another
```

MARYBETH MARTINO

Veritext PA Reporting Services
215-241-1000

```
 1        took a section of her stomach out.  The biopsy
 2        results were not good on that.  So we went up to
 3        Sloan-Kettering then.  They recommended they take
 4        her whole stomach out.  On November 13th of that
 5        year they took her whole stomach out.  She came
 6        home the day before Thanksgiving.  She developed
 7        complications, and she went back in the day after
 8        Thanksgiving and they had to reoperate to take out
 9        a portion of her intestine.
10             At this point then they got pathology
11        results on those.  All of those showed very
12        aggressive cancers, but for the last three years
13        she's had clean CAT scans.  She has two more years
14        to go before they will know for sure whether the
15        cancer metastasized or not.
16             So she has at this point not been cleared,
17        I guess is the answer.  They told us they won't
18        know for sure for two more years whether those
19        tumors metastasized anywhere else.
20        Q.   At some point there was a time when Kathy
21        was in New York at Sloan-Kettering?
22        A.   Her surgery was done -- we decided because
23        of his condition and hers to have the second
24        surgery done at Univeristy of Pennsylvania even
```

20

Veritext PA Reporting Services
215-241-1000

```
 1   though Sloan-Kettering recommended it be done up
 2   there.
 3       Q.   At some point he's in Delaware County and
 4   she's here in the hospital and you're going back
 5   and forth?
 6       A.   Right.  That was in the November surgeries.
 7       Q.   Before this incident took place your
 8   husband was employed with Merit?
 9       A.   Correct.
10       Q.   Can you just tell me overall what your
11   perception was with his satisfaction with that job
12   before the incident took place?
13           MR. MCMULLEN:  Objection to form.
14           THE WITNESS:  I think before the
15   incident took place he liked the job a lot.
16   I think he and Ted Rachel hit it off
17   really, really well, and as a result of
18   that when he found out about it, Ted called
19   in the hospital and said how much he loved
20   Nick and just for him to get better and not
21   to worry about things.
22   BY MS. CARLOS:
23       Q.   You've heard him about how much he used to
24   travel for Merit when he had that job.  Is that a
```

MARYBETH MARTINO