UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Nicholas Martino, et al.** | : | |
| | : | |
| Plaintiffs | : | Civil Action No. |
| | : | |
| v. | : | 02-CV-4633 |
| | : | |
| **Richard Craft, et al.** | : | |
| | : | |
| Defendants. | : | |

### O R D E R

AND NOW, this _____ day of _____, 2003, upon consideration of Defendants Motion <u>In Limine</u> To Preclude Plaintiffs From Making Any References, at Trial, to Defendant Richard Craft's Consumption of Any Alcoholic Beverages on July 15, 2000, and Plaintiffs' Response thereto, it is hereby ORDERED and DECREED that neither Plaintiffs nor Defendants shall make any reference, at trial, as to either Richard Craft's or Nicholas Martino's consumption of any alcoholic beverages on July 15, 2000.

_____
Honorable Thomas N. O'Neill, Jr.

```
            UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

**Nicholas Martino, et al.**          :
                                      :
               **Plaintiffs**   :   Civil Action No.
                                      :
     **v.**                            :   02-CV-4633
                                      :
                                      :
**Richard Craft, et al.**             :
                                      :
               **Defendants.**   :

---

**PLAINTIFFS' RESPONSE TO DEFENDANTS MOTION IN LIMINE
TO PRECLUDE PLAINTIFFS FROM MAKING ANY REFERENCES,
AT TRIAL, TO DEFENDANT RICHARD CRAFT'S CONSUMPTION
OF ANY ALCOHOLIC BEVERAGES ON JULY 15, 2000**

---

Plaintiffs Nicholas Martino, Nicole Martino, and Marybeth Martino ("Plaintiffs") file this Response to Defendants Motion <u>In Limine</u> to Preclude Plaintiffs from Making Any References, At Trial, to Defendant Richard Craft's Consumption of Any Alcoholic Beverages on July 15, 2000 (the "Motion"). Plaintiffs do not oppose defendants' Motion but, rather, request that defendants be similarly precluded from making any references at trial to Plaintiff Nicholas Martino's consumption of any alcoholic beverages on July 15, 2000.

    Defendants contend that evidence of Mr. Craft's alcohol consumption on July 15, 2000, is irrelevant and not of any assistance to the trier of fact. Alternatively, defendants maintain that even if such evidence is relevant, it is so unfairly prejudicial that the effect of such prejudice substantially outweighs any probative value and, therefore, must be precluded under Federal Rule of Evidence 402. These same arguments warrant the preclusion of any evidence of Nicholas Martino's consumption of alcohol and not merely evidence of Mr.

Craft's alcohol consumption.

As defendants themselves acknowledge in the Motion, Nicholas Martino consumed only one alcoholic beverage on July 15, 2000, and there is no evidence or testimony that he was impaired or intoxicated at any point that day or evening. (Defendants' Motion at ¶¶ 5,8.)  Furthermore, although defendants do not specifically request that the Court preclude references to Nicholas Martino's alcohol consumption on July 15, 2000, Paragraph 13 of the Motion states that "any reference to either parties [sic] consumption of alcohol on July 15, 2000 is irrelevant to the instant litigation, and thus barred by Federal Rule of Evidence 402."  (Defendants' Motion at ¶ 13.)  Consequently, plaintiffs request that the Court enter an Order in the attached form precluding both parties from making any references, at trial, to the alcohol consumption of either Nicholas Martino or Richard Craft on July 15, 2000.

**OF COUNSEL**:
Pelino & Lentz, P.C.
One Liberty Place
1650 Market Street
Thirty-Second Floor
Philadelphia, PA 19103-7393
215-665-1540

Howard A. Rosenthal
Darin J. McMullen
Kevin C. Rakowski
 Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Nicholas Martino, et al.** | : | |
| | : | |
| Plaintiffs | : | Civil Action No. |
| | : | |
| v. | : | 02-CF-V4633 |
| | : | |
| | : | |
| **Richard Craft, et al.** | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

    I, Darin J. McMullen, Esquire, certify that, on the 12th day of November, 2003, a true and correct copy of Plaintiffs' Response to Defendants' Motion <u>In</u> <u>Limine</u> to Preclude Plaintiffs from Making Any References, at Trial, to Defendant Richard Craft's Consumption of Any Alcoholic Beverages on July 15, 2000 was served via First Class Mail on the following individual:

Pamela A. Carlos, Esquire
Bennett, Bricklin & Saltzburg LLP
1601 Market Street
Philadelphia, PA 19103-2393
**(Counsel for Defendants)**

| | |
|---|---|
| **OF COUNSEL:** | |
| Pelino & Lentz, P.C. | Howard A. Rosenthal |
| One Liberty Place | Darin J. McMullen |
| 1650 Market Street | Kevin C. Rakowski |
| Thirty-Second Floor |   Attorneys for Plaintiffs, |
| Philadelphia, PA   19103-7393 |   Nicholas Martino and Nicole |
| 215-665-1540 |   Martino, a minor, by her |
| |   parent and guardian, |
| |   Marybeth Martino and |
| |   Marybeth Martino, in her |
| |   own right |