UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Nicholas Martino, et al.,** : | |
| : | |
| **Plaintiffs** : | Civil Action No. |
| : | |
| **v.** : | 02-CV-4633 |
| : | |
| **Richard Craft, et al.,** : | |
| : | |
| **Defendants.** : | |

### O R D E R

This _____ day of November, 2003, after consideration of defendants' In Limine To Preclude Plaintiffs From Making Any References To The Nature Of Kathleen Shetzline's Illness At Trial and the plaintiffs' Response, it is ORDERED that defendants' Motion is DENIED in its entirety.

                                              BY THE COURT:

                                              _____
                                              THOMAS N. O'NEILL, Jr., J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Nicholas Martino, et al.,** | : | |
| Plaintiffs | : | Civil Action No. |
| v. | : | 02-CV-4633 |
| **Richard Craft, et al.,** | : | |
| Defendants. | : | |

RESPONSE TO DEFENDANTS' MOTION
*IN LIMINE* TO PRECLUDE PLAINTIFFS FROM
MAKING ANY REFERENCE TO THE NATURE
OF KATHLEEN SHETZLINE'S ILLNESS AT TRIAL

⎯⎯⎯Plaintiffs, Nicholas Martino and Marybeth Martino, in her own right and as parent and natural guardian of Nicole Martino, a minor, by their attorneys, respond to Defendants' Motion In Limine To Preclude Plaintiffs From Making Any Reference To Kathleen Shetzline's Illness At Trial, as follows:

1. Admitted.

2. Admitted in part and denied in part. Plaintiffs admit that they instituted the instant action in the United States District Court for the Eastern District of Pennsylvania on July 12, 2002. Plaintiffs deny defendants' characterizations of the allegations in the Complaint, which speaks for itself.

3.-6. Admitted in part and denied in part. Plaintiffs deny the relevance of any evidence or comments concerning Marybeth Martino's prior marriage, as set forth in Paragraph 4 of the Motion, and such evidence which will be the subject of an anticipated Motion in Limine by plaintiffs. Plaintiffs admit the remainder of the averments contained in Paragraphs 3-6 of the Motion.

7. Denied. Although Ms. Shetzline's condition may not have

been caused by the wave runner accident occurring on July 15, 2000, it is relevant to the nature of Nicholas Martino's injuries for pain and suffering, as he was unable to care for his daughter at her time of severe need due to the wave runner accident. Moreover, such evidence is relevant to refute defendants' anticipated position at trial that Mr. Martino re-injured his leg in November, 2000 as a result of non-compliance with his doctor's orders, as set forth more fully in the supporting Memorandum of Law, which is incorporated by reference.

    8.  Denied. At this time, plaintiffs do not intend to introduce evidence of Ms. Shetzline's illness in support of Marybeth Martino's loss of consortium claims.

    9.  Denied. The allegations of Paragraph 9 of the Motion constitute conclusions of law to which no response is required. Plaintiffs deny that precluding evidence of Ms. Shetzline's illness would be appropriate for the reasons set forth more fully in the Motion and the supporting Memorandum of Law, which is incorporated by reference.

    10.  Denied. The allegations of Paragraph 10 of the Motion constitute conclusions of law to which no response is required. Plaintiffs deny that presenting evidence of Ms. Shetzline's illness would <u>unfairly</u> prejudice defendants or <u>unfairly</u> influence the jury. Moreover, as the jury in this matter is advisory only, the Court has the discretion to disregard any finding by the jury which the Court believes is the result of improper evidence.

    11.  Admitted in part and denied in part. Plaintiffs admit that Paragraph 11 of the Motion contains a recitation of Rule 401, F.R.E. Plaintiffs deny any characterizations of Rule 401,

which speaks for itself, and deny that evidence of the nature of Ms. Shetzline's illness is inadmissible.

    12.  Admitted in part and denied in part.  Plaintiffs admit that Paragraph 12 of the Motion contains a recitation of Rule 403, F.R.E.  Plaintiffs deny any characterizations of Rule 403, which speaks for itself, and deny that evidence of the nature of Ms. Shetzline's illness is inadmissible.

    13.-14.  Denied.  Plaintiffs deny that evidence of the nature of Ms. Shetzline's illness is inadmissible under any Rule of Evidence, or would cause undue prejudice to defendants.  To the contrary, the evidence is necessary to a full understanding of the nature of plaintiffs' claims and the facts of this case.

    WHEREFORE, plaintiffs request this Court deny defendants' Motion In Limine To Preclude Plaintiffs From Making Any References To The Nature Of Kathleen Shetzline's Illness At Trial in its entirety.

**OF COUNSEL:**
Pelino & Lentz, P.C.  
One Liberty Place  
1650 Market Street  
Thirty-Second Floor  
Philadelphia, PA 19103-7393  
215-665-1540

Howard A. Rosenthal  
Darin J. McMullen  
Kevin C. Rakowski  
 Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**Nicholas Martino, et al.,**          :
                                       :
                Plaintiffs    :    Civil Action No.
                                       :
     v.                              :    02-CV-4633
                                       :
**Richard Craft, et al.,**             :
                                       :
                Defendants.   :

**MEMORANDUM OF LAW IN SUPPORT OF
RESPONSE TO DEFENDANTS' MOTION
*IN LIMINE* TO PRECLUDE PLAINTIFFS FROM
MAKING ANY REFERENCE TO THE NATURE
OF KATHLEEN SHETZLINE'S ILLNESS AT TRIAL**

Plaintiffs brought this admiralty action against defendants, Richard Craft ("Craft") and John Hammerschmidt ("Hammerschmidt") for injuries and damages sustained by Nicholas Martino and his daughter, Nicole, due to Craft's negligent operation of a watercraft, known as a "wave runner," on the Sassafras River, and the negligent entrustment of the wave runner by Hammerschmidt to Craft.  Defendants now seek to preclude evidence regarding the stomach cancer suffered by Kathleen Shetzline, Nicholas' and Marybeth's daughter, although she developed this "unfortunate" illness in July, 2000, when Nicholas was unable to help care for her due to his own injuries as result of defendants' negligence. His inability to do so caused him further anguish and suffering and, as such, this evidence is clearly relevant to an assessment of the life-altering condition in which the accident left him. This evidence also refutes any contention by defendants that Nicholas re-injured his leg during a grocery store trip against his doctors' orders.  As there is no basis to conclude that evidence regarding Kathleen Shetzline's condition will <u>unduly</u>

prejudice defendants, confuse the jury or that a limiting instruction could not cure any potential confusion regarding this evidence, it should be admitted.

**I.   Evidence Concerning The Nature Of Kathleen Shetzline's Illness Is Relevant.**

Rule 401 of the Federal Rules of Evidence define "relevant evidence" as follows:

> "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Here, the evidence regarding Kathleen Shetzline's illness is relevant to a complete understanding of Nicholas Martino's pain and suffering.  In <u>Sullivan v. Fairmont Homes, Inc.</u>, 543 N.E.2d 1130 (Ind.Ct.App. 1989), plaintiff, injured in a motor vehicle accident, attempted to use portions of a doctor's deposition at trial.  The trial court determined that this would "open the door" to the reading of other portions of the deposition, including testimony relating to the death of the plaintiff's child during the year after the collision, over the plaintiff's objection that such evidence was irrelevant and prejudicial.  The Court of Appeals determined that the portion of the deposition transcript which the plaintiff objected to suggested that such aspects of the plaintiff's life tended to show stress which might have had a causal effect upon his physical and emotional condition and was, therefore, admissible.  543 N.E.2d at 1135.

The testimony relating to Kathleen's illness is equally relevant.  Prior to the accident, Nicholas led a healthy, active life with his family, including his daughter, Kathleen.

Nicholas' physical pain is only one component of the pain and suffering he endured as a result of the July, 2000 accident. The frustration and inability to care for a member of his family at a time of personal tragedy and need, and the additional burden <u>he</u> placed on his family at such a trying time, is entirely relevant to a full understanding of how the accident impacted his life. As Nicholas stated, when describing the emotional anguish his injuries caused:

> "I guess the worst part about it is that when you're not able to walk for almost two years -- I was in a wheelchair or on crutches -- and/or on crutches for about 16 or 17 months. I missed out on a lot of things for my younger daughter. I was unable to support my oldest daughter during her crisis, you know, when she had all of her physical problems. I just wasn't there for my family the way I normally would be. I'm a one hundred percent family guy. I would give career, everything, before I would -- my family's number one to me. ...If anything, it was just that I really lost out on my family. It destroyed me when I was in the hospital while my daughter was in the hospital having her stomach removed and I couldn't be there." [Martino Dep. at 213-19 (Exhibit "A").]

Thus, both the seriousness of Kathleen's condition and the obvious impact it had on the family, are directly relevant and highly probative to Nicholas' claims.

This evidence is also relevant to refute defendants' anticipated claim that Nicholas somehow was responsible for his condition by not staying off his leg. In November, 2000, while he was supposed to be non-weight bearing on his leg and while Kathleen was still suffering from her bout with stomach cancer,

3

Mr. Martino took his youngest daughter, Nicole, to the grocery store where he caught his external fixator on a grocery freezer.[1] [See Martino Dep. at 133-4 (Exhibit "A").]  Plaintiffs anticipate that defendants will attempt to use this episode to convince the jury that Nicholas was at least partially to blame for his condition, by suggesting that the trip to grocery store (and the incident with the freezer) was against his doctors' orders. Explaining why that trip was made - - because Marybeth was tending to Kathleen - - again is necessary to refute any suggestion of fault on Nicholas' part.

## II. Evidence Concerning The Nature Of Kathleen Shetzline's Illness Is Not Unduly Prejudicial Or Confusing.

Defendants also seek to preclude evidence concerning the nature of Kathleen's illness as unduly prejudicial and confusing under Rule 403, F.R.E., which states:

> "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

As defendants point out that Kathleen Shetzline's condition was not caused by the accident, there can be no genuine concern that such evidence (or the serious nature of her condition) would unduly prejudice or confuse the jury under proper instruction. Any rational jury will understand, particularly with an

---

[1] The external fixator is an immobilization device that was bolted into Nicholas' leg bones with ten pins protruding several inches outside his leg holding his leg together.  Nicholas had to wear the device 24 hours a day and had to change the dressing daily.  [See Martino Dep. at 115-17 (Exhibit "A").]

4

appropriate instruction from the Court, the reasons why evidence concerning Kathleen's cancer is relevant. Moreover, as the jury in this case is advisory only, the Court will have the discretion to disregard any finding that it believes is based on the jury's misunderstanding of the nature of the evidence.

### III. Conclusion.

Based on the foregoing, plaintiffs request that this Court enter an Order denying defendants' Motion In Limine To Preclude Plaintiffs From Making Any References To The Nature Of Kathleen Shetzline's Illness At Trial in its entirety.

**OF COUNSEL**:
Pelino & Lentz, P.C.
One Liberty Place
1650 Market Street
Thirty-Second Floor
Philadelphia, PA 19103-7393
215-665-1540

Howard A. Rosenthal
Darin J. McMullen
Kevin C. Rakowski
 Attorneys for Plaintiffs

5

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**Nicholas Martino, et al.,**          :
                                       :
            **Plaintiffs**      :    Civil Action No.
                                       :
     v.                              :    02-CV-4633
                                       :
**Richard Craft, et al.,**             :
                                       :
            **Defendants.**     :

**CERTIFICATE OF SERVICE**

    The undersigned counsel for plaintiffs certifies that true and correct copies of plaintiffs' Response to Defendants' Motion In Limine To Preclude Plaintiffs From Making Any References To The Nature Of Kathleen Shetzline's Illness At Trial and supporting Memorandum of Law were hand delivered on November 12, 2003 upon counsel for defendants and addressed as follows:

        Pamela A. Carlos, Esquire
        Bennett, Bricklin & Saltzburg LLP
        1601 Market Street
        Philadelphia, PA 19103-2393
        Attorney for Defendants


**OF COUNSEL**:
Pelino & Lentz, P.C.                  Howard A. Rosenthal
One Liberty Place                     Darin J. McMullen
1650 Market Street                    Kevin C. Rakowski
Thirty-Second Floor                     Attorneys for Plaintiffs
Philadelphia, PA   19103-7393
215-665-1540