**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Nicholas Martino, et al.,** | : | |
| | : | |
| **Plaintiffs,** | : | **Civil Action No.** |
| | : | |
| **v.** | : | **02-CV-4633** |
| | : | |
| | : | |
| **Richard Craft, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**O R D E R**

AND NOW, this ______ day of _________, 2004, upon consideration of Plaintiff's Amended Motion For Approval Of A Settlement Agreement And Release Involving Interests Of A Minor, the Settlement Agreement And Release involving interests of a minor is approved, and the Court finds the terms thereof to be fair and equitable.

IT IS ORDERED that Defendants make payment in accordance with the terms of the Settlement Agreement.

BY THE COURT:

______________________________
THOMAS N. O'NEILL, Jr., J.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Nicholas Martino, et al., Plaintiffs,** | : | **Civil Action No.** |
| **v.** | : | **02-CV-4633** |
| **Richard Craft, et al., Defendants.** | : | |

**PLAINTIFF'S AMENDED MOTION FOR APPROVAL OF A SETTLEMENT AGREEMENT AND RELEASE INVOLVING INTERESTS OF A MINOR**

Plaintiff, Marybeth Martino, as guardian of her minor daughter, Nicole Martino, (collectively the "Martinos"), by her attorneys, Pelino & Lentz, P.C., requests this Court enter an Order approving the Settlement Agreement and Release ("Settlement Agreement") among the Martinos, and Richard Craft and John Hammerschmidt (collectively "defendants"), a copy of which is attached as Exhibit "A," for the following reasons:

1. Marybeth Martino is an adult individual residing at 5 Gregory Lane, Newtown Square, Pennsylvania 19073, and is the mother and natural guardian of her minor daughter, Nicole Martino, age 13, and wife of Nicholas Martino, another plaintiff in this action.

2. On or about July 15, 2000, Craft and Hammerschmidt were co-owners of a vacation residence located on the Sassafras River in or near Galena, Maryland.

3. Located at the residence were two water craft known as "wave runners" which Hammerschmidt owned and had the

right and ability to permit or prohibit others, including Craft, from using.

4. On July 15, 2000, while invited guests at the residence, Craft, Nick Martino and Nicole Martino were involved in an accident while operating the wave runners on the Sassafras River, with the knowledge and consent of Hammerschmidt and Craft, resulting in personal injuries to both Nicholas and Nicole Martino.

5. As a result of the accident, Nicole Martino sustained a simple fracture of the fibula, which has fully healed, and Nicole currently experiences no physical impairment as a result of the accident.

6. Nicole Martino received medical treatments for her injuries, for which private health insurance with Independence Blue Cross ("IBC") paid. IBC currently has a total subrogation lien of $324.90 on any recovery by Nicole.

7. To the best of plaintiffs' information and belief, no amounts remain due and owing to the medical providers who treated Nicole Martino.

8. Nicole Martino's injuries have fully resolved. Attached to this Motion as Exhibit "B," is a statement, under oath, of Marybeth Martino certifying the physical condition of the minor, as well as Marybeth Martino's approval of the proposed settlement and distribution.

9. On July 12, 2002, Nicholas Martino, individually, and Marybeth Martino, in her own right and as parent and natural guardian of Nicole Martino, instituted this action against

defendants for injuries and damage sustained as a result of the July 15, 2000 accident.

10. Marybeth Martino, in her capacity as guardian of Nicole Martino, and defendants have now agreed to settle all claims brought by and on behalf of the minor, Nicole Martino, by an exchange of mutual releases and the defendants' payment of $20,000 cash on behalf of Nicole Martino.

11. The claims of Nicholas Martino and Marybeth Martino, in her own right, have been settled independently and are not the subject of this settlement agreement.

12. Neither the Department of Public Welfare nor any other public entity has a claim or lien against the plaintiffs for medical bills, workers' compensation or welfare benefits incurred as a result of injuries or damage sustained by the minor.

13. The Contingent Fee Agreement between the Martinos and their counsel provides for a fee of 25% of the gross settlement ($20,000 x 25% = $5,000). There are currently no expenses due and owing relating to counsel's representation of Nicole.

14. Counsel will not receive collateral payments as counsel fees for representation of the minor involving the same matter from third parties.

15. The settlement amount to the minor (after deduction of attorneys' fees) is $15,000.

16. Marybeth Martino believes that the proposed settlement is fair, equitable and reasonable to her minor child, Nicole Martino, for the following reasons:

   a. The settlement constitutes fair and reasonable compensation for the damages.

   b. There is no certainty that such damages will be awarded at trial and sustained on appeal and the settlement eliminates the usual risks attending litigation and appeal.

   c. The settlement of this litigation avoids the prospect of continued expense and further delay of compensation to the Martinos for injuries sustained by the minor.

   d. Counsel's compensation pursuant to the Contingent Fee Agreement is reasonable for the reasons stated.

 17. Counsel for plaintiffs is of the opinion, for the same reasons, that the proposed settlement is fair, equitable and reasonable.

 18. The funds payable to Nicole Martino as a result of this settlement will be placed in a custodial account for her benefit.

 19. Following payment, a Stipulation to Dismiss the claims by Nicole Martino will be filed, in accordance with the terms of the Settlement Agreement.

 WHEREFORE, Marybeth Martino, in her capacity as parent and natural guardian of the minor, Nicole Martino, requests that she be permitted to enter into the Settlement Agreement recited above and attached to this Motion, and that the Court enter an Order of Distribution in accordance with the terms of the Settlement Agreement.

KR1055
Howard A. Rosenthal
Darin J. McMullen
Kevin C. Rakowski
Attorneys for Plaintiffs, Marybeth Martino as parent and natural guardian of her minor child, Nicole Martino

**OF COUNSEL:**
Pelino & Lentz, P.C.
One Liberty Place
Thirty-Second Floor
1650 Market Street
Philadelphia, PA 19103-7393
(215) 665-1540

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Nicholas Martino, et al.,** | : | **Civil Action No.** |
| **v** | : | **02-CV-4633** |
| **Richard Craft, et al.,** | : | |

**CERTIFICATE OF SERVICE**

The undersigned counsel for plaintiffs certify that, on February 2, 2004, a true and correct copy of the Plaintiff's Amended Motion for Approval of a Settlement Agreement And Release Involving Interests Of A Minor was hand delivered to counsel for defendants and addressed as follows:

Pamela A. Carlos, Esquire
Bennett, Bricklin & Saltzburg LLP
1601 Market Street
Philadelphia, PA 19103-2393
Attorney for Defendants

KR1055
Howard A. Rosenthal
Darin J. McMullen
Kevin C. Rakowski
Attorneys for Plaintiffs

**OF COUNSEL:**
Pelino & Lentz, P.C.
One Liberty Place
Thirty-Second Floor
1650 Market Street
Philadelphia, PA 19103-7393
(215) 665-1540