## **SETTLEMENT AGREEMENT AND RELEASE**

THIS SETTLEMENT AGREEMENT ("Agreement") is made and entered into this _____ day of December, 2003, by Richard Craft ("Craft"), John Hammerschmidt ("Hammerschmidt") and Nicholas Martino ("Martino")(collectively, "Releasees") and Marybeth Martino, in her capacity as parent and natural guardian of Nicole Martino, a minor (collectively, "Releasors").

### **Background**

1. Marybeth Martino is an adult individual residing at 5 Gregory Lane, Newtown Square, Pennsylvania 19073 and is the mother and natural guardian of her minor daughter, Nicole Martino, age 13, and wife of Nicholas Martino, another plaintiff in this action.

2. On or about July 15, 2000, Craft and Hammerschmidt were co-owners of a vacation residence located on the Sassafras River in or near Galena, Maryland.

3. Located at the residence were two water craft known as "wave runners" which Hammerschmidt owned and had the right and ability to permit or prohibit others, including Craft from using.

4. On July 15, 2000, while invited guests at the residence, Craft, Nick Martino and Nicole Martino were involved in an accident while operating the wave runners on the Sassafras River, resulting in personal injuries to both Nicholas and Nicole Martino.

5. At the time of the loss, Nicole Martino was a passenger on a wave runner being operated by Nicholas Martino with permission of Richard Craft.

6. Richard Craft, at all relevant times, had permission to authorize others to operate the two wave runners owned by John

Hammerschmidt.

7. Nicholas Martino, individually, and Marybeth Martino, in her own right and as parent and natural guardian of Nicole Martino, instituted an action in the United States District Court for the Eastern District of Pennsylvania against Richard Craft and John Hammerschmidt, for injuries sustained in the July 15, 2000 accident, captioned <u>Nicholas Martino, et. al., v. Richard Craft, et. al</u>. Civil Action No. 02-CV-4633 (the "Litigation").

8. Marybeth Martino, in her capacity as guardian of Nicole Martino, and Releasees have now agreed to settle all claims brought by and on behalf of the minor, Nicole Martino, by an exchange of mutual general releases and the Releasees' payment of $20,000 cash to the Martinos, as set forth below.

9. The claims of Nicholas Martino, in his own right, and Marybeth Martino, in her own right, have been settled by a separate agreement and are not the subject of this settlement agreement.

NOW, THEREFORE, in consideration of mutual covenants and agreements set forth in the Agreement, Marybeth Martino, in her capacity as parent and natural guardian of Nicole Martino, a minor, Richard Craft, John Hammerschmidt and Nicholas Martino, all intending to be legally bound, and for good and valuable consideration, mutually agree as follows:

### Terms

1. <u>Consideration</u>. Subject to the terms of this Agreement, Craft and Hammerschmidt agree to pay the sum of $20,000, representing full and final satisfaction of all remaining present and future claims by Marybeth Martino, solely in her capacity as

parent and natural guardian of Nicole Martino, a minor, arising out of any injuries sustained by Nicole Martino, which are the subject matter of the Litigation.

2. <u>Payment Terms</u>.  The settlement draft or drafts totaling $20,000 will be forwarded to counsel for Releasors in accordance with an appropriate Order of Distribution issued by the Court.

3. <u>No Admission of Liability</u>.  This payment solely represents the settlement of claims in litigation and an analysis of the costs and risks of litigation and does not constitute an admission of liability by Craft or Hammerschmidt.  It may not be used as an admission of liability in any proceeding.

4. <u>Stipulation Of Dismissal With Prejudice</u>.  After the Compromise of the Minor's Claims has been approved by the Court and an appropriate Order of Distribution entered, Marybeth Martino, in her capacity as parent and natural guardian of Nicole Martino, a minor, shall cause Releasors' counsel to execute and file with the Court appropriate Stipulations and/or Orders to have the claims brought by Nicole Martino, a minor, in the Litigation dismissed with prejudice, within ten days of the receipt of the payment required under Paragraph 1 of this Agreement.

5. <u>Capacity To Enter Agreement.</u>  The parties represent and warrant that they have full legal power and capacity to execute, deliver and perform this Agreement, and all other documents and instruments executed or delivered in connection with this Agreement.

6. <u>Binding Obligation.</u>  This Agreement, and all other documents and instruments executed or delivered in connection

with this Agreement, have been duly executed and delivered, and constitute legal, valid and binding obligations enforceable against the parties in accordance with their respective terms.

7. <u>Entire Agreement.</u>  This Agreement contains the entire agreement between Marybeth Martino, solely in her capacity as parent and natural guardian of Nicole Martino, a minor, and the Releasees, and the terms are contractual and not a mere recital.

8. <u>Acknowledgment Of Consultation With Counsel.</u>  The parties acknowledge, represent and warrant that they (a) have consulted (or have had an opportunity to consult) with counsel and such other experts and advisors as they have deemed necessary in connection with the execution and delivery of this Agreement; (b) understand and accept the terms and conditions of this Agreement; and (c) have entered into this Agreement because it is in their interests under the circumstances.

9. <u>Release.</u>  Provided that the Court approves the terms of the Settlement Agreement and enters an appropriate Order authorizing Marybeth Martino to compromise Nicole Martino's claim in accordance with the terms of this Agreement, and provided that Craft and Hammerschmidt comply with the payment obligation specified in Paragraph 1, Marybeth Martino, in her capacity as parent and natural guardian of Nicole Martino, a minor, shall remise, release and forever discharge Releasees, Richard Craft, John Hammerschmidt and Nicholas Martino, their heirs, executors, administrators, agents, assigns and all other persons firms and corporations liable or who might be claimed to be liable from any and all manner of claims, actions and causes of action, suits, debts, dues, accounts, bonds covenants, contracts, agreements,

judgments, claims and demands whatsoever in law or equity arising out of an incident which occurred on or about July 15, 2000 on the Sassafras River in or near Galena, Maryland and any and all claims which were or could have been asserted in the Litigation against Craft and Hammerschmidt or any of the Releasees, which Marybeth Martino, in her capacity as parent and natural guardian of Nicole Martino, a minor, and Nicole Martino, ever had, now have, or which their heirs, executors, administrators, or any of them, may have.

10. <u>No Impact</u>. The settlement of the claims brought by and on behalf of Nicole Martino, and any releases of those claims, shall have no impact on the claims brought by Marybeth Martino in her own right or Nicholas Martino in his own right.

11. <u>Notices.</u> All notices, requests or demands to or upon the parties to this Agreement shall be given by certified mail, return receipt requested, United States Postage prepaid. Notices under this Agreement shall be addressed as follows, or to such other address as may be designated in writing by the respective parties:

> For Marybeth Martino, in her capacity
>   as parent and natural guardian of
>   Nicole Martino, a minor, and Nicholas
>   Martino
>
>   Kevin C. Rakowski, Esquire
>   Pelino and Lentz, P.C.
>   One Liberty Place
>   Thirty-Second Floor
>   1650 Market Street
>   Philadelphia, PA 19103-7393
>   Phone: (215) 246-3135
>   Fax:   (215) 665-1536

    For Richard Craft and
      John Hammerschmidt:

        Pamela A. Carlos, Esquire
        Bennet, Bricklin & Saltzberg LLP
        1601 Market Street
        Sixteenth Floor
        Philadelphia, PA 19103-2393
        Phone: (215) 561-4300
        Fax: (215) 561-6661

12. <u>Miscellaneous</u>.

    a. <u>Governing Law</u>.  This Agreement shall be governed in all respects by the laws of the Commonwealth of Pennsylvania and the United States of America.

    b. <u>Head Notes</u>.  The head notes used in this Agreement are for convenience only and shall not control or affect the provisions of this Agreement.

    c. <u>Binding Effect</u>.  This Agreement shall be binding upon and operate for the benefit of Marybeth Martino, in her capacity as parent and natural guardian of Nicole Martino, a minor, the releasees, and their respective heirs, executors and administrators.

    d. <u>Counterparts</u>.  This Agreement may be executed and delivered in any number of counterparts, each of which shall constitute an original, but all of which shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties to this Agreement have voluntarily caused the execution of this Agreement as of the day and year set forth above.

                                  */s/ MaryBeth Martino*
                              MARYBETH MARTINO, in her capacity
                              as parent and natural guardian of
                              Nicole Martino, a minor

_____
RICHARD CRAFT

_____
JOHN HAMMERSCHMIDT

_____
NICHOLAS MARTINO