```
              UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| Nicholas Martino, et al., : | |
|                Plaintiffs, : | Civil Action No. |
| v. : | 02-CV-4633 |
| Richard Craft, et al., : | |
|                Defendants. : | |

### AFFIDAVIT OF MARYBETH MARTINO

Marybeth Martino, being first duly sworn according to law deposes and says:

1. I am an adult individual residing at 5 Gregory Lane, Newtown Square, Pennsylvania 19073.

2. I am the mother and natural guardian of Nicole Martino, a minor who is a plaintiff in this action. I am also the wife of Nicholas Martino, another plaintiff in this action.

3. Nicole is currently 13 years of age.

4. On July 12, 2002, I instituted this action against defendants for injuries and damage sustained as a result of the July 15, 2000 in my own right and as parent and natural guardian of Nicole Martino.

5. I am fully familiar with the allegations in the Complaint and the circumstances surrounding the wave runner accident occurring on July 15, 2000 on the Sassafras River near Galena, Maryland, which is described more fully in the Complaint and forms the basis for the claims in this lawsuit. This includes the claims for personal injuries brought by Nicole Martino, who was a minor at the time of the accident, through myself as her natural guardian and representative.

6. Nicole's injuries, which constituted a simple fracture of the fibula, have fully resolved, and Nicole currently experiences no physical impairment as a result of the injuries she sustained as a result of the accident.

7. Nicole Martino received medical treatments for her injuries, for which private health insurance with Independence Blue Cross ("IBC") paid. IBC currently has a total subrogation lien of $324.90 on any recovery by Nicole.

8. To the best of the plaintiffs' information and belief, no amounts remain due and owing to the medical providers who treated Nicole Martino.

9. I have reviewed the terms of the proposed Settlement, as set forth in the Settlement Agreement and, after consultation with counsel, deem them to be fair and appropriate under the circumstances, for the following reasons:

   a. The settlement constitutes fair and reasonable compensation for the damages.

   b. There is no certainty that such damages will be awarded at trial and sustained on appeal and the settlement eliminates the usual risks attending litigation and appeal.

   c. The settlement of this litigation avoids the prospect of continued expense and further delay of compensation to the Martinos for injuries sustained by the minor.

   d. Counsel's compensation pursuant to the Contingent Fee Agreement is reasonable for the reasons stated. Accordingly, in my capacity as guardian of Nicole Martino, I approve the terms of the proposed Settlement and agree, on Nicole Martino's behalf, to settle all claims brought by and on behalf

of Nicole, as a minor, by an exchange of mutual general releases and the defendants' payment of $20,000 cash.

10. All of Nicole's medical bills and expenses relating to the accident were paid out-of-pocket or by private medical insurance. To the best of my knowledge, and upon reasonable investigation, neither the Department of Public Welfare nor any other public entity has a claim or lien against any of the plaintiffs for medical bills, or other benefits incurred as a result of injuries or damage sustained by Nicole.

11. The funds payable to Nicole Martino as a result of this settlement will be placed in a custodial account for her sole benefit.

12. The net settlement payable to the minor (after deduction of attorneys' fees) is $13,400.

I swear that this information is true to the best of my knowledge and belief under penalty of perjury.

_____
MARYBETH MARTINO